PEOPLE v. REEDER.

CRIMINAL LAW—DRIVING AUTOMOBILE UNDER INFLUENCE OF LIQUOR—
    REFUSAL TO SUBMIT TO BLOOD TEST—EVIDENCE.
    Prejudicial error was committed in the trial of defendant on
        charge of driving a car while under the influence of intoxicat-
        ing liquor, where the assistant prosecuting attorney asked
        the police officer if defendant had been advised as to his
        rights as to the taking of a blood test, and was advised such
        advice was given, where no blood test was administered and
        statute provides that the refusal of any person to submit
        to any such test shall not be admissible in any such criminal
        prosecution, notwithstanding defendant's later explanation that
        he declined such test unless a physician of his own choosing
        administered the test, a right accorded him by statute, the
        statutory direction that refusal not be admitted being absolute
        and was not waived (PA 1949, No 300, § 625a, as added by
        PA 1960, No 148).

Appeal from Oakland; Ziem (Frederick C.), J.
Submitted April 7, 1963. (Calendar No. 37, Docket
No. 49,818.) Decided June 3, 1963.

Vernell H. Reeder was convicted of driving an
automobile while under the influence of intoxicating
liquor. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George F. Taylor,*
Prosecuting Attorney, and *Robert L. Templin,* As-
sistant Prosecuting Attorney, for the people.

*Allen C. Ingle,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic §§ 115, 330–334.

CARR, C. J. Appellant was tried in the circuit court of Oakland county on a charge of operating an automobile while under the influence of intoxicating liquor in violation of section 625[1] of the Michigan motor vehicle code.[2] The jury returned a verdict of guilty as charged and an order was entered requiring the payment of a fine of $75 and costs of $50, with probation for 1 year. Motion for a new trial was denied. On leave granted defendant has appealed to this Court claiming that prejudicial error was committed in the course of the circuit court proceeding.

The question at issue involves the interpretation of section 625a of the motor vehicle code which was added to the statute by PA 1960, No 148 (CL 1948, § 257.625a, Stat Ann 1961 Cum Supp § 9.2325[1]). Said section provided that in criminal prosecutions involving the driving of a motor vehicle on a public highway while under the influence of intoxicating liquor a defendant who gives his written consent to a blood test for the purpose of determining alcoholic content should be given such test in accordance with the procedure specified. Subdivisions (3) and (4) thereof read as follows:

"(3) A person charged with driving a vehicle while under the influence of intoxicating liquor shall be permitted to have a licensed physician or registered nurse, under the supervision of a physician of his own choosing, administer a chemical test as provided in this section within a reasonable time after his detention, and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. Any

---

[1] CLS 1956, § 257.625, as amended by PA 1958, No 113 (Stat Ann 1960 Rev § 9.2325).

[2] PA 1949, No 300, as amended (CLS 1956, § 257.1 *et seq.*, as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 9.1801 *et seq.*]).

person charged with driving a vehicle while under the influence of intoxicating liquor shall have the right to demand that the test provided for in this section must be given him, provided facilities are reasonably available to administer such test, and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. The defendant shall be advised of his right to the test provided for in this subsection.

"(4) The refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor."

The statute requires that a defendant charged with driving an automobile on a public highway while intoxicated shall be informed of his rights with reference to the taking of the blood test. During the trial in the instant case the assistant prosecuting attorney, in the course of his examination of a witness, asked the following question, and received the answer quoted:

"*Q*. Did you at any time advise him of his rights as to taking a blood test, Sergeant?
"*A*. Yes, right after he was in the police car."

Following such question and answer, counsel for defendant interposed an objection on the ground that the testimony was not admissible. Thereupon the jury was excused from the courtroom and the objection raised was discussed by the trial judge and counsel. At the conclusion of the colloquy the judge announced that there should be no further mention of the blood test during the trial unless the defense desired to put in proof before the jury as to the occurrence. The jury was then recalled.

Counsel for defendant elected to pursue the matter further and interrogated the witness on cross-

examination as to what had transpired. Defendant, likewise, testified as to his version of the occurrence and as to his reasons for not submitting to a blood test, claiming in substance that he wanted a physician of his own choosing to administer such test. The testimony indicates that the police officers declined to call a physician for the purpose suggested by defendant, claiming, however, that defendant was in substance informed that he had the right to make a telephone call if he wished to do so. Defendant was also informed that a physician was available to give the test. Apparently there was no further action with reference to the matter, and the test was not administered.

In substance, it is claimed on behalf of appellant that the reference to the matter of a blood test might have led the members of the jury to believe, no evidence of such a test being offered, that appellant had refused to take it. It is suggested, in other words, that the reference to the test under the circumstances was tantamount to informing the jury that the taking of the test had been refused by defendant, and, hence, that the requirement of the statute that evidence of such refusal should not be admissible was violated. It is quite possible that such may have been the result. It was not incumbent on the prosecution to make an affirmative showing that the statutory requirement with reference to informing a defendant in a case of this character of his right to have a blood test taken had been observed. The statute does not require such proof, and its introduction where no evidence of a test is submitted to the jury hearing the case may well be prejudicial error. We think that such was the situation in the instant case.

The attempt on the part of counsel for defendant to explain to the jury the reason for defendant not having taken the test may not be said to constitute

a waiver of the error that had been committed. Appellant was entitled to the benefit of the provision of the statute, enacted for his protection, to the effect that refusal to take the test should not be admissible against him. The direction of the statute in such respect is absolute.

Further discussion of the question at issue is not required. We conclude that prejudicial error occurred and the conviction of which appellant complains must be set aside. The case is remanded to the circuit court for such further proceedings as may be found expedient.

Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.