.11–.14—Unchanged.

A copy of this order shall be given to the Secretary of the State Bar of Michigan and to the Court Administrator, in order that they may make the notifications specified in GCR 1963, 933. Any comments with reference to the adoption of the proposed amended CPCR 46 may be forwarded to the Chief Justice or Michigan Supreme Court Director of Legal Services on or before April 1, 1975.

IN THE MATTER OF THE PROPOSED AMENDMENT OF THE CODE OF PROFESSIONAL RESPONSIBILITY AND CANONS, DISCIPLINARY RULE 7-108. On order of the Court, notice is hereby given that the Supreme Court proposes amendment to the Code of Professional Responsibility and Canons, Canon 7, Disciplinary Rule 7-108, to read as follows (new matter in italics):

DR 7-108 COMMUNICATION WITH OR INVESTIGATION OF JURORS.

(A)–(C)—Unchanged.

(D) After discharge of the jury from further consideration of a case with which the lawyer was connected, the lawyer shall not ask questions of or make comments to a member of that jury that are calculated merely to harass or embarrass the juror or to influence his actions in future jury service. *If the lawyer has reasonable ground to believe that the verdict may be subject to legal challenge, he may, pursuant to the pertinent statutes or court rules, communicate with jurors for that limited purpose.*

(E)–(G)—Unchanged.

A copy of this order shall be given to the Secretary of the State Bar of Michigan and to the Court Administrator, in order that they may make the notifications specified in GCR 1963, 933. Any comments concerning the adoption of the proposed amendment to DR 7-108 may be forwarded to the Chief Justice or Michigan Supreme Court Director of Legal Services on or before April 1, 1975.

JANUARY 6, 1975

PEOPLE v GRAY. (Docket No. 54829.) Rehearing denied January 6, 1975. *State Appellate Defender,* for defendant-appellant. Reported at 393 Mich 1.