PEOPLE v HAYES

PEOPLE v ALLEN

1. CRIMINAL LAW—EVIDENCE—DRUNK DRIVING—BREATHALYZER TEST —REFUSAL TO SUBMIT.

Admission into evidence in a trial for driving under the influence of liquor of a defendant's refusal to submit to a Breathalyzer test is erroneous.

2. LICENSES—STATUTES—MOTOR VEHICLES—REVOCATION—INTOXICATION TEST—REFUSAL TO SUBMIT.

A statute specifies that driver's license revocation is the consequence for refusing to take an intoxication test; the admission into evidence of a defendant's refusal is not an added consequence in the absence of a definite statutory provision to that effect (MCLA 257.625a).

3. LICENSES—MOTOR VEHICLES—DRUNK DRIVING—INTOXICATION TEST —PRESUMPTION OF GUILT—REVOCATION—STATUTES—COURTS.

An individual arrested for drunk driving has a choice under a statutory provision either to submit to an intoxication test, the results of which could create a virtually irrefutable presumption of guilt against him, or to refuse the test and suffer the revocation of his driver's license; the Legislature provided a definite choice, and the Court of Appeals cannot render a decision which would make that choice an illusory one (MCLA 257.625a).

4. CRIMINAL LAW—EVIDENCE—DEFENDANT'S SILENCE—HEARSAY RULE —ADMISSION EXCEPTION.

A defendant's silence in the face of an accusation where there is no justification for failure to respond is admissable under the admission exception to the hearsay rule only when the circumstances call for a denial.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic § 333.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 262.
[4] 29 Am Jur 2d, Evidence § 638 *et seq.*
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 330.

5. Criminal Law—Drunk Driving—Evidence—Intoxication Test—
   Driver's Behavior.

  A driver who exhibits intoxicated behavior but refuses an intoxi-
  cation test can be convicted of drunk driving on evidence of his
  behavior; a prosecutor can show that a defendant was driving
  carelessly, smelled of alcohol, had bloodshot eyes, and walked
  unsteadily.

Appeals from Grand Traverse, James M. Fitzpa-
trick, J. Submitted June 2, 1975, at Grand Rapids.
(Docket Nos. 20836, 20837.) Decided September 10,
1975. Leave to appeal applied for.

Lynn C. Hayes was convicted in district court of
driving under the influence of liquor. John W.
Allen was convicted in district court of driving
while impaired. Defendants appealed to circuit
court. Affirmed. Defendants appeal by leave
granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael J. Houli-
han,* Prosecuting Attorney (Prosecuting Attorneys
Appellate Service, *Edward R. Wilson,* Director,
and *Lee W. Atkinson,* Special Assistant Attorney
General, of counsel), for the people.

*Phillip A. Clancey, P. C.* (by *Lawrence R. Price)*
for defendant Hayes.

Before: McGregor, P. J., and D. E. Holbrook
and N. J. Kaufman, JJ.

N. J. Kaufman, J. Both defendants appeal from
jury trial convictions in Grand Traverse County
District Court. Their appeals have been consoli-
dated.

Defendant Hayes was arrested on January 31,
1973, and convicted on June 6, 1973, of driving

under the influence of liquor, MCLA 257.625; MSA 9.2325. He was sentenced to a term of 30 days in jail. Defendant Allen was arrested on February 2, 1973, and convicted on June 20, 1973, of the lesser included offense of driving while impaired, MCLA 257.625b; MSA 9.2325(2). He was also sentenced to a term of 30 days in jail.

In June, 1973, both defendants appealed their convictions to the Grand Traverse County Circuit Court. The court affirmed both convictions. Both defendants subsequently filed applications for leave to appeal which we granted on September 10, 1974.

At each trial, the prosecutor elicited testimony from the arresting officer on direct examination that, at the time each defendant was arrested, he was advised that he had a right to have a chemical test conducted to determine the percentage of alcohol in his blood and that, if he did not take the test, his license would be revoked. In each case, the arresting officer further testified that, having been so advised, the defendant refused to submit to, in this case, a Breathalyzer test. In both cases, defense counsel made timely objection to the admission of testimony describing defendants' refusal to submit to the test, and, in both cases, the trial court overruled the objection.

The sole issue on appeal is whether the admission, over defense objection, of the defendants' refusal of a Breathalyzer test was erroneous and requires reversal of the defendants' convictions. Our determination of this issue initially requires an examination of the recent history of the statute which governs the administration of chemical tests to determine the presence and amount of alcohol, § 625a of the Michigan vehicle code, 1949 PA 300. Prior to 1967, that section, MCLA 257.625a; MSA 9.2325(1), provided in pertinent part:

"(4) The person charged shall be advised of his right to refuse to take any test provided for in this act and the refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor."

In 1967, this section was amended, 1967 PA 253, so that the statute now reads:

"(4) The person charged shall be advised that his refusal to take a test as herein provided shall result in the suspension or revocation of his operator's or chauffeur's license or his operating privilege."

Thus, the 1967 amendment deleted that portion applicable to admission of a defendant's refusal to submit to a test and substituted a penalty for this refusal.

In *People v Reeder,* 370 Mich 378; 121 NW2d 840 (1963), the prior statute was held to require reversal where a prosecution witness testified on direct examination that defendant had refused to take a blood test. Under the amended statute, however, we find this issue to be a matter of first impression in this jurisdiction.

Although a matter of first impression here, the issue of admitting into evidence a defendant's refusal to take a chemical test has been the subject of widely varying decisions in a number of sister jurisdictions. The divergent positions enunciated in those decisions are well-represented in the arguments of the parties here. These positions fall into two broad categories: (1) constitutional assertions and (2) statutory interpretation.

Defendants' constitutional assertion is that the admission into evidence of their refusal to take Breathalyzer tests violated the privilege against

self-incrimination guaranteed by the United States
and Michigan Constitutions. US Const, Am V,
Const 1963, art 1, § 17. Sister-state decisions on
this claim have been founded on different applica-
tions of *Schmerber v California,* 384 US 757; 86 S
Ct 1826; 16 L Ed 2d 908 (1966). Where evidence of
a defendant's refusal to be tested has been deemed
"testimonial", it has been considered within self-
incrimination protections and not properly admis-
sible in court. *State v Andrews,* 297 Minn 260; 212
NW2d 863 (1973). Where the refusal has been
defined as "real", or nontestimonial, evidence, it
has been held not to be protected and properly
admissible. *People v Sudduth,* 65 Cal 2d 543; 55
Cal Rptr 393; 421 P2d 401 (1966), *cert den* 389 US
850; 88 S Ct 43; 19 L Ed 2d 119 (1967), *reh den* 389
US 996; 88 S Ct 460; 19 L Ed 2d 506 (1967), *State v
Durrant,* 55 Del 510; 188 A2d 526 (1963). See also
*People v Paddock,* 29 NY2d 504; 323 NYS2d 976;
272 NE2d 486 (1971) *(concurrence).* A number of
states have held that because there is no absolute
right to refuse to take an intoxication test, evi-
dence of the refusal may be introduced.[1] As plain-
tiff notes, this Court, in *People v Gebarowski,* 47
Mich App 379; 209 NW2d 543 (1973) *lv den* 390
Mich 785 (1973), also held that there is no consti-
tutional right to refuse to take a Breathalyzer test.

Notwithstanding the *Gebarowski* holding, we

---

[1] *State v Meints,* 189 Neb 264; 202 NW2d 202 (1972), *State v Smith,*
230 SC 164; 94 SE2d 886 (1956), *State v Bock,* 80 Idaho 296; 328 P2d
1065 (1958). *Smith* and *Bock* were precursors of *Schmerber,* and
*Meints* relied on it. Two states base current holdings that a defend-
ant's refusal to submit to an intoxication test is inadmissible on pre-
*Schmerber* cases which held that a defendant had an absolute right to
refuse the test. *Duckworth v State,* 309 P2d 1103 (Okla Cr, 1957),
*Howell v State,* 528 P2d 1392 (Okla Cr, 1974), and *People v Stratton,*
286 App Div 323; 143 NYS2d 362 (1955), *People v Paddock,* 29 NY2d
504; 323 NYS2d 976; 272 NE2d 486 (1971). *See generally Anno.,
Admissibility in criminal case of evidence that accused refused to
submit to scientific test to determine amount of alcohol in system,* 87
ALR2d 370 (1963).

find that this case is appropriate for application of the well-established doctrine favoring a nonconstitutional determination of cases. *Brown v Hill,* 216 Mich 520; 185 NW 751 (1921). Instead, we found our decision on an interpretation of § 625a in view of fundamental fairness and evidentiary considerations. Based on these considerations, we hold that the admission into evidence of defendants' refusal to submit to a Breathalyzer test was erroneous and requires a new trial for both.

Plaintiff argues that, by removing the provision which prohibited introduction of evidence detailing a defendant's refusal to submit to a test, the 1967 amendment to § 625a made such evidence admissible. We would find this argument more cogent if the Legislature had not substituted a penalty for the deleted provision. We believe that the Legislature thereby specified license revocation as the consequence for refusing to take an intoxication test. Such consequences should be specifically stated. We cannot find the admission of a defendant's refusal to be an added consequence in the absence of a definitive legislative provision to that effect.

Further, and more importantly, the admission of a defendant's refusal to submit to an intoxication test would render nugatory the choice which the statute provides him. Under § 625a, an individual arrested for drunk driving has a choice. He can either submit to a test the results of which could create a virtually irrefutable presumption of guilt against him, or he can refuse the test and suffer the revocation. If the fact that a defendant has chosen not to submit to a test can be placed before the jury as an inference of his guilt, then he will be put in the position of having to risk providing evidence for the prosecution by submitting to the

test or of certainly providing it by refusing to submit. It would be fundamentally unfair to put a defendant in such a "damned if he does, damned if he doesn't" position. The Legislature provided a definite choice, and we cannot render a decision which would make that choice an illusory one. See *e.g. State v Ingram,* 67 NJ Super 21; 169 A2d 860 (1961), *State v Seversen,* 75 NW2d 316 (ND, 1956).

In deciding to admit such evidence, the Supreme Court of Idaho distinguished between rights under statutes which prevent intoxication tests without the driver's consent and those, like ours, which provide implied consent and require express refusal. *State v Bock,* 80 Idaho 296; 328 P2d 1065 (1958). We find such a distinction groundless. Whether the statute speaks in terms of a "right" to refuse or a "choice" with a resultant penalty, admitting a defendant's refusal into evidence will vitiate the ability to refuse provided to him by the statute.

In addition, we find no evidentiary basis for the admission of a defendant's refusal. As have courts in other jurisdictions, we find the probative value of such evidence to be too low in comparison to its prejudicial effect. See *Duckworth v State,* 309 P2d 1103 (Okla Cr, 1957), *Crawley v State,* 219 Tenn 707; 413 SW2d 370 (1967). *Contra, Westerville v Cunningham,* 15 Ohio St 2d 121; 44 Ohio Op 2d 119; 239 NE2d 40 (1968). A defendant may have other reasons for refusing, unrelated to his guilt or innocence. He may not trust the police or the validity of the test, or he may be frightened and confused. The prejudicial effect on the jury of the prosecutor's use of defendant's refusal to be tested as an inference of guilt is readily apparent. This is especially so where a defendant exercises his constitutional right not to take the stand. Whether a

defendant's reasons for refusing the test were rational or not is irrelevant. In any case, a defendant should not be forced to explain them. The admission of his refusal will force him into choosing between allowing the prejudicial impact or waiving his constitutional right not to take the stand. The admission of this evidence will, additionally, create a de facto shifting of the burden of proof to defendant. Placing a defendant in such a dilemma is abhorrent to our basic principles of fundamental fairness.

The inadmissibility of a defendant's refusal to be tested is further supported by analogy to those cases dealing with the admissibility, under the admission exception to the hearsay rule, of silence in the face of an accusation. In both cases, the refusal of a defendant to speak or take action to assert his innocence is offered as an inference of a guilty mind. A defendant's silence is admissible only when the circumstances call for a denial, where there is no justification for failing to respond. *People v DeBolt,* 269 Mich 39; 256 NW 615 (1934), *People v Barnes (On Remand),* 44 Mich App 488; 205 NW2d 591 (1973) *lv den* 389 Mich 795 (1973). We find, in the instant case, that the assertion of defendant's statutory right to refuse a Breathalyzer test is sufficient justification to preclude the application of the admission exception. See *e.g. Stuart v District of Columbia,* 157 A2d 294 (Mun Ct App DC, 1960).

Finally, we cannot conclude, as plaintiff contends, that the inadmissibility of a defendant's refusal to submit to an intoxication test will do violence to the laws proscribing drunk driving. Plaintiff claims that, without such evidence, it will be unable to prove a defendant's guilt. Plaintiff has, however, provided no showing that it could

not obtain convictions prior to 1967 when the statute specifically excluded this evidence. A prosecutor can still show that a defendant was driving carelessly, smelled of alcohol, had bloodshot eyes, and walked unsteadily. The essential purpose of the law, to keep intoxicated drivers off the highways, *Collins v Secretary of State,* 384 Mich 656, 668; 187 NW2d 423 (1971), will still be satisfied. A driver who exhibits intoxicated behavior but refuses an intoxication test will still have his license automatically revoked and can still be convicted based on evidence of his behavior.

As to both defendants, reversed and remanded for new trial consistent with this opinion.

Judge D. E. HOLBROOK concurs in result only.