### PEOPLE v TERRIEN

Docket No. 78-5394. Submitted October 4, 1979, at Marquette.—Decided November 20, 1979. Leave to appeal applied for.

Paul J. Terrien was charged with driving while under the influence of intoxicating liquor. He was convicted by a jury of the lesser included offense of impaired driving, Delta District Court, Dean J. Shipman, J. On appeal to Delta Circuit Court, the conviction was affirmed, Clair J. Hoehn, J. Defendant appeals by leave granted. On appeal, defendant claims that he had a statutory right which he exercised to refuse to take a Breathalyzer test at the time of his arrest and claims that he also had a right to have no mention made of the Breathalyzer test. According to defendant, an instruction before the trial began which tells the jurors that the case will not involve any testimony as it relates to a Breathalyzer test nor the results of the test and to draw no inferences either favorable or unfavorable to either party to the trial for lack of such testimony was fundamentally unfair to him and grounds for reversal of his conviction. *Held:*

The court's instruction was neither unfair nor reversible error. It was an impartial statement cautioning the jury to ignore the matter of Breathalyzer tests and it cannot be presumed, without some further factual basis, that the jury disregarded the instruction.

Affirmed.

Beasley, J., dissents. He would hold that the court's instruction does not serve the purpose for which it was given and that evidence of a defendant's refusal to submit to a Breathalyzer test is inadmissible because it calls the jury's attention to the possibility that a chemical test may have been administered, that defendant failed the test and, thus, was intoxicated. This type of instruction, given over objection, is fundamentally unfair to the defendant and constitutes reversible error. He would reverse and remand for a new trial.

References for Points in Headnotes
[1, 2] 29 Am Jur 2d, Evidence § 830.
  75 Am Jur 2d, Trial § 746.

OPINION OF THE COURT

1. CRIMINAL LAW — INSTRUCTIONS TO JURY — EVIDENCE — DRUNK
   DRIVING — BREATHALYZER TEST — INFERENCES.

   A jury instruction in a prosecution for driving under the influ-
   ence of alcohol which tells the jurors that the case will not
   involve any testimony as it relates to a Breathalyzer test nor
   the results of the test and to draw no inferences either favora-
   ble or unfavorable to either party to the trial for lack of such
   testimony was neither unfair nor reversible error; the instruc-
   tion was an impartial statement cautioning the jury to ignore
   the matter of Breathalyzer tests and it cannot be presumed,
   without some further factual basis, that the jury disregarded
   the instruction.

DISSENT BY BEASLEY, J.

2. CRIMINAL LAW — INSTRUCTIONS TO JURY — EVIDENCE — DRUNK
   DRIVING — BREATHALYZER TEST — INFERENCES.

   *A jury instruction in a prosecution for driving under the influ-
   ence of alcohol which tells the jurors that the case will not
   involve any testimony as it relates to a Breathalyzer test nor
   the results of the test and to draw no inferences either favora-
   ble or unfavorable to either party to the trial for lack of such
   testimony does not serve the purpose for which it was given
   because it calls the jury's attention to the possibility that a
   chemical test may have been administered and if a juror
   reaches the conclusion that a chemical test has been given then
   it would seem to follow that the juror would conclude that a
   defendant failed the test and, thus, was intoxicated; this type of
   instruction, given over objection, is fundamentally unfair to the
   defendant and constitutes reversible error.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Stephen L.
Pence,* Prosecuting Attorney (Prosecuting Attor-
neys Appellate Service, *Thomas C. Nelson,* of coun-
sel), for the people.

*Davis & Olsen,* for defendant on appeal.

Before: ALLEN, P.J., and BASHARA and BEASLEY,
JJ.

Bashara, J. The majority adopts the factual findings of the dissenting opinion. However, it appears to us that the instruction in question was neither unfair nor reversible error.

We view the instruction as an impartial statement cautioning the jury to ignore the matter of Breathalyzer tests. Without some further factual basis, we do not presume that the jury disregarded the instruction. See *People v Bernard Smith,* 81 Mich App 561, 566; 266 NW2d 40 (1978), *rev'd on other grounds,* 406 Mich 926; 277 NW2d 506 (1979).

Affirmed.

Allen, P.J., concurred.

Beasley, J. *(dissenting).* Defendant, Paul Joseph Terrien, was charged with driving while under the influence of intoxicating liquor, in violation of MCL 257.625; MSA 9.2325.

Defendant was convicted by a jury in district court of the lesser included offense of impaired driving, in violation of MCL 257.625b; MSA 9.2325(2).

On appeal to the circuit court, defendant's conviction was affirmed. He appeals to this Court by leave granted, raising one issue.

Before trial began, and over defendant's objection, the trial judge instructed the jury as follows:

"In today's trial, we are involved with a violation of the criminal statutes of the State of Michigan. This defendant has been charged with the crime of driving under the influence of intoxicating liquors. This is commonly referred to as drunk driving. The trial of this case will not involve any testimony as it relates to the breathalyzer test nor the results of a breathalyzer test. You may draw no inferences, either favorable or unfa-

vorable, to either party to this trial for the lack of such testimony."[1]

Defendant says that he had a statutory right which he exercised to refuse to take a Breathalyzer test at the time of his arrest. He claims that he also had a right to have no mention made of the Breathalyzer test. He asserts the effect on the jury of the trial judge's instruction was fundamentally unfair to him.

In *People v Hayes*,[2] the trial court admitted in evidence, over defendant's objection, testimony that defendant refused to take a Breathalyzer test after it had been offered. The testimony indicated the police officer had explained to defendant that the Breathalyzer test was a chemical test conducted to determine the percentage of alcohol in his blood and that if he did not take the test his license would be revoked. In *Hayes*, this Court said that it was unnecessary to decide whether admitting this testimony constituted an unconstitutional violation of defendant's Fifth Amendment right to be free from self-incrimination because fundamental fairness and evidentiary considerations were sufficient to decide the issue. The Court interpreted the statute[3] to give a person charged with drunk driving a choice between taking a chemical test for presence of alcohol in the blood, which could create a strong presumption of guilt, *or* refusing to take the test and suffering revocation of his driver's license. The *Hayes* Court said that

---

[1] The language in the first sentence that "In today's trial, we are involved with a violation of the criminal statutes of the State of Michigan", is unfortunate and incorrect. The trial is held to decide whether a criminal statute is violated, and that decision is for the jury.

[2] 64 Mich App 203; 235 NW2d 182 (1975), *lv den* 397 Mich 816 (1976).

[3] MCL 257.625a; MSA 9.2325(1).

to permit a jury to hear of the refusal to take the test was fundamentally unfair to defendant and deprived a defendant of the choice afforded in the statute. In addition, the probative value of such evidence was said to be too low in comparison with its prejudicial effect to be admissible.

This case may readily be distinguished from *Hayes*. Here, the trial court, apparently assuming jurors know and will speculate about the chemical tests for alcoholic intoxication, sought to allay that concern by telling them there would be no evidence regarding the same and that they should draw no inferences concerning it.

I would doubt that such an instruction would serve the purpose for which it was given. On the contrary, the instruction given calls the jury's attention to the possibility that a chemical test may have been administered. If a juror reaches that conclusion that a chemical test was given, then it would seem to follow that the juror would conclude that a defendant failed the test and, thus, was intoxicated.[4] As indicated in *Hayes*, such a conclusion is neither necessarily correct nor fundamentally fair to a defendant.

Normally, we do not presume a jury disregarded a judge's instruction.[5] But, I do not deem that to be the issue in this case. The apparent reason for the trial judge's instruction is the assumption that jurors are more or less familiar with the use of chemical tests to ascertain alcohol content in the blood and that there is a statutory presumption of impairment to drive when specified alcohol content in the blood is reached.

---

[4] It seems unlikely that a knowledgeable juror would conclude that a defendant would be legally prevented from offering evidence that he passed a chemical test for alcoholic intoxication.

[5] *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978), *rev'd on other grounds,* 406 Mich 926; 277 NW2d 506 (1979).

I note that there is not any reliable, readily available information on the extent and depth of a juror's knowledge of the changing laws relating to chemical tests for alcoholic content in the blood and the effect of implied consent on driver's licenses. But, if we assume the trial court's apparent basis for the instruction was, in fact, correct, nevertheless, the instruction in question seems unfair to defendant.

Thus, for these reasons, I would find that the instruction here given by the trial judge, over the objection of defense counsel, was fundamentally unfair to defendant and constituted reversible error.

I would reverse and remand for a new trial.