PEOPLE v DUKE

Docket No. 75012. Submitted April 17, 1984, at Lansing.—Decided
August 20, 1984. Leave to appeal applied for.

Norman Duke was charged with driving under the influence of
intoxicating liquor and operating a vehicle while visibly im-
paired. Prior to trial in district court, the defendant moved to
suppress evidence of his refusal to take a Breathalyzer test.
The district court denied the motion to suppress. The defendant
appealed to the Oakland Circuit Court, which affirmed the
denial, Fred M. Mester, J. Defendant appealed by leave
granted. *Held:*

1. Evidence of the defendant's refusal to take the test may
not be admitted in the case in chief as it is not evidence of guilt
or innocence or an element of the offense.

2. If the evidence of refusal is admitted inadvertently or in
order to rebut the defendant's evidence, the trial court must
give the limiting jury instruction mandated by MCL 257.652a(8)
if requested by either party.

Reversed and remanded to district court.

1. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LI-
QUOR — BREATHALYZER TEST.

Evidence that a defendant charged with driving under the influ-
ence of intoxicating liquor refused to submit to a Breathalyzer
or blood-alcohol test is not admissible at trial in the prosecu-
tion's case in chief as it is not evidence of guilt or innocence or
an element of the offense.

2. INTOXICATING LIQUORS — EVIDENCE — DRIVING UNDER THE INFLU-
ENCE OF LIQUOR — BREATHALYZER TEST.

Evidence of a defendant's refusal to submit to a Breathalyzer test
may be admitted at trial where it is necessary to rebut evi-
dence offered by the defendant to show the lack of competence
or credibility of the police officer or of any testing done by the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 79A Am Jur 2d, Automobiles and Highway Traffic § 379.
Admissibility in criminal case of evidence that accused refused to
take test of intoxication. 26 ALR4th 1112.

officer; where such evidence is admitted, the court shall give the limiting jury instruction mandated by statute when requested by either party (MCL 257.625a[8]; MSA 9.2325[1][8]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Eugene Lumberg,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. This is an appeal from an Oakland County circuit court order affirming a district court order denying a motion *in limine* to suppress evidence of defendant's refusal to take a Breathalyzer test.

The issue on appeal is whether evidence of a refusal to take a Breathalyzer test may be admitted into evidence.

We reverse the circuit court.

Defendant was charged in November, 1982, with driving under the influence of liquor and operating a vehicle while visibly impaired, second offense, MCL 257.625, subds (1) and (3); MSA 9.2325, subds (1) and (3) and MCL 257.625b; MSA 9.2325(2).

Before trial the defendant moved to suppress evidence of his refusal to take a Breathalyzer test. The motion was denied and this decision was upheld by the circuit court on appeal. The circuit court placed great weight on the probative value of evidence of a refusal to take a breath test, and ruled that MCL 257.625a(8); MSA 9.2325(1)(8) im-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plicitly allows the introduction of evidence of a refusal to take a Breathalyzer test.

The legislative history of the law of admissibility of a refusal to take a blood alcohol test is as follows:

Prior to 1967, MCL 257.625a; MSA 9.2325(1) provided:

> "(4) The person charged shall be advised of his right to refuse to take any test provided for in this act and the refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor."

That section was amended by 1967 PA 153 to read:

> "(4) The person charged shall be advised that his refusal to take a test as herein provided shall result in the suspension or revocation of his operator's or chauffeur's license or his operating privilege."

Michigan's case law on the subject then evolved in the following manner. In *People v Reeder,* 370 Mich 378; 121 NW2d 840 (1963), the Court held that, under the pre-1967 statute, reversal was mandated when a prosecution witness testified on direct examination that a defendant refused a blood alcohol test.

*People v Hayes,* 64 Mich App 203; 235 NW2d 182 (1975), held that under the 1967 amendment it was reversible error to admit evidence of a defendant's refusal to take a Breathalyzer test. That decision was based on factors of fundamental fairness and the prejudicial effect or lack of probative value of such evidence.

*People v Taylor,* 73 Mich App 139; 250 NW2d

570 (1977), approved testimony as to a defendant's refusal to take a blood test in a rape case, citing *Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966), which holds that such testimony does not constitute an impermissible violation of defendant's right against compulsory self-incrimination.

In *People v Terrien,* 93 Mich App 802; 286 NW2d 924 (1979), a majority of this Court approved an action by a district judge who denied admission of evidence of refusal to take a Breathalyzer test and who instructed the jury, over defense objection, that there would be no testimony about a Breathalyzer test and that lack of such test was a "non issue". Judge BEASLEY, in a perceptive dissent, held that an instruction on the effect of a refusal should not be given over the defense objection. Acting on the application for leave to appeal, the Supreme Court reversed and remanded to the district court, holding, as did Judge BEASLEY, that the instruction should not have been given over objection. *People v Terrien,* 408 Mich 943; 295 NW2d 482 (1980).

We read the Supreme Court's ruling to be that no mention may be made of any test over objection if there is not a result to be admitted.

The Legislature, soon after *Terrien* was decided, passed 1980 PA 515, MCL 257.625a(8); MSA 9.2325(1)(8), which substantially amended the rule of evidence as regards refusal to take a blood alcohol test. Subsection 7 of that amendment (now subsection 8, see 1982 PA 310) replaced subsection 4 of the previous amendment as it relates to admissibility of refusals to take the blood alcohol test and reads:

"(8) If a jury instruction regarding a defendant's

refusal to submit to a chemical test under this section is requested by the prosecution or the defendant, the jury instruction shall be given as follows:

" 'Evidence was admitted in this case which, if believed by the jury, could prove that the defendant had exercised his or her right to refuse a chemical test. You are instructed that such a refusal is within the statutory rights of the defendant and is not evidence of his guilt. You are not to consider such a refusal in determining the guilt or innocence of the defendant.' "

The passage of this act can be deemed a legislative response to the *Terrien* decision because of its timing.

Section 8 of the act leaves questions for the Court. It is couched in the form of a jury instruction which may be given in event the refusal to take a test comes into evidence. This implies admissibility of evidence of refusal. On the other hand, the instruction itself removes the refusal from consideration as to guilt or innocence.

The usual reason for refusal is consciousness of guilt and fear of results, *People v Sudduth,* 65 Cal 2d 543; 55 Cal Rptr 393; 421 P2d 401 (1966). This also is the usual reason the prosecution seeks its admission. It is difficult for a jury to erase the inference of guilt resulting from a refusal even in the face of the instruction mandated by the Legislature.

Jurisdictions which have considered the relevancy of evidence of refusal have reached differing results. See Anno: *Admissibility in criminal case of evidence that accused refused to take test of intoxication,* 26 ALR4th 1112.

In *South Dakota v Neville,* 459 US 553; 103 S Ct 916; 74 L Ed 2d 748 (1983), the Court upheld a South Dakota statute allowing evidence of refusal to be admitted on constitutional and due process

grounds even though no warning was given that a suspect's refusal could be used against him. Twelve states have statutes expressly permitting the evidence of refusal to be admitted. South Dakota is one of those states.

Michigan has no such bright-line legislative mandate as to when evidence of a refusal may be admitted. It has only an injunction against admission for the purpose of proof of guilt or innocence. Logically then, evidence of the refusal may not be admitted to prove the elements of the crime.

The most obvious examples of circumstances where such evidence could be admitted are:

a. Where the defendant denies being given an opportunity to take a Breathalyzer test,

b. Where the defendant claims that he took the test and the results were exculpatory,

c. Where the defendant challenges the competency of any of the testing done by the officer, or

d. Where the defendant challenges the credibility of the officer.

Evidence of refusal to take the test is proper in situations such as the above where the defendant opens the controversy by a showing of lack of credibility or competence of the police officer and it is necessary to rebut defendant's evidence.

We then decide that, until such time as the Legislature or Supreme Court clarifies the purpose of MCL 257.625a(8); MSA 9.2325(1)(8), evidence of refusal to take the tests provided by statute should not be admitted in the case in chief as it is not evidence of guilt or innocence or an essential element of the prosecutor's case.

If evidence of refusal comes into the case by inadvertence or is required to rebut the evidence of the defendant and is admitted, then the instruc-

tion set forth in the act is mandated if requested by either party.

Under the rule just set forth the disparity between implied admission of evidence of refusal and the instruction which limits admissibility only to relevant matters not bearing on guilt or innocence is harmonized. We believe that to be the intent of the Legislature.

The decision of the circuit court is reversed and the case is remanded to district court for trial.