PEOPLE v SCHNEIDER

Docket No. 103735. Submitted May 3, 1988, at Marquette. Decided
    September 6, 1988. Leave to appeal applied for.

   In 1977 and again in 1981 David John Schneider, III, was ar-
    rested and charged in district court with driving under the
    influence of intoxicating liquor. In 1977, after being advised of
    and waiving his constitutional rights to an attorney, against
    self-incrimination, to confront his accusers at trial, and to
    compel witnesses to testify on his behalf, Schneider pled no
    contest and was sentenced to probation for one year. In 1981,
    after similarly being advised of and waiving his constitutional
    rights, Schneider pled guilty and was sentenced to twenty-nine
    days in jail and two years probation. In March and May, 1986,
    Schneider was again arrested and charged with operating a
    vehicle while under the influence of intoxicating liquor, third
    offense. At the preliminary examination for the March offense
    defendant challenged the validity of his two prior DUIL misde-
    meanor convictions for enhancement purposes on the ground
    that he had not been represented by legal counsel at those
    proceedings. The district court permitted admission of the
    evidence of the two DUIL convictions and bound defendant over
    for trial in Marquette Circuit Court. The circuit court, Edward
    A. Quinnell, J., granted defendant's motion to quash, finding
    the prior plea convictions constitutionally invalid for enhance-
    ment purposes. That decision was not appealed. At the prelimi-
    nary examination on the May offense, the district court relied
    on the circuit court's disposition of the March offense and
    refused to admit evidence of defendant's prior convictions for
    enhancement purposes. The people appealed and the circuit
    court affirmed. The people appealed to Court of Appeals by
    leave granted.

      The Court of Appeals held:

REFERENCES

Am Jur 2d, Criminal Law §§ 988 et seq., 621.
Modern status of doctrine of res judicata in criminal cases. 9
    ALR3d 203.
Accused's right to represent himself in state criminal proceeding—
    modern state cases. 98 ALR43d 13.

1. Neither the doctrine of res judicata nor the doctrine of collateral estoppel bars litigation of the second OUIL-third offense charge.

2. Defendant's waivers of counsel at the 1977 and 1981 proceedings were valid. The fact that the court at those proceedings did not specifically apprise defendant of the "dangers and disadvantages of self-representation" does not render the waivers invalid. The requirement that a court so apprise a defendant applies only in cases of jury trials.

3. Defendant's contention that compliance with the applicable court rule was insufficient to apprise him of the constitutional rights he was giving up by pleading guilty at his misdemeanor plea proceedings is rejected. The district court substantially complied with the court rule and defendant's pleas were understanding, voluntary, and accurate. It was error for the circuit court to deny application of the prior plea-based convictions to enhance a subsequent offense.

Reversed.

1. ESTOPPEL — COLLATERAL ESTOPPEL — INEQUITABLE ADMINISTRATION OF THE LAWS.

The doctrine of collateral estoppel generally applies to bar religitation of issues previously decided in a first action where the parties are the same, the causes of action are different, the same issue is involved, the parties had a full opportunity to litigate the issue in the previous action, and there is mutuality of estoppel; however, although an issue is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded where the issue is one of law and a new determination is warranted in order to avoid inequitable administration of the laws.

2. CRIMINAL LAW — GUILTY PLEAS — FELONIES — MISDEMEANORS — CONSTITUTIONAL RIGHTS.

The requirement that a defendant seeking to enter a plea of guilty or no contest must be informed of federal constitutional rights of the right to counsel, the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers applies only to felonies, not misdemeanors.

3. CRIMINAL LAW — TRIAL — SELF-REPRESENTATION.

The requirement that an accused who intends to represent himself and conduct his own defense should be made aware of the dangers and disadvantages of self-representation applies only in cases involving jury trials.

4. Criminal Law — Operating a Vehicle While Under the Influ-
    ence of Intoxicating Liquor — Prior Convictions — Collat-
    eral Attack.

   A defendant's prior plea-based misdemeanor convictions of driv-
   ing a motor vehicle while under the influence of intoxicating
   liquor are not subject to collateral attack in proceedings involv-
   ing a charge of operating a motor vehicle while under the
   influence of intoxicating liquor, third offense, where the record
   indicates that, at the misdemeanor proceedings, the defendant
   was advised of his right to counsel and voluntarily entered his
   pleas (MCL 257.625[6]; MSA 9.2325[6]).

*Frank J. Kelley*, Attorney General, *Louis J.
Caruso*, Solicitor General, *Gary L. Walker*, Prose-
cuting Attorney, and *Scott K. Hanson*, Assistant
Prosecuting Attorney, for the people.

*Mark Peter Stevens*, for defendant.

Before: Beasley, P.J., and Sawyer and Weaver,
JJ.

Weaver, J. The prosecutor appeals by leave
granted from a circuit court order which affirmed
a district court order dismissing a charge of oper-
ating a vehicle while under the influence of intoxi-
cating liquor (ouil), third offense, MCL 257.625(6);
MSA 9.2325(6). We reverse.

I

This case involves the application, for enhance-
ment purposes, of prior uncounseled misdemeanor
offenses of driving while under the influence of
intoxicating liquor (duil), now ouil, to a subse-
quent felony charge of ouil, third offense.

Defendant's first duil offense occurred in 1977.
Defendant pled no contest after being advised of
and after waiving his constitutional rights to an
attorney, against self-incrimination, to confront his
accusers at trial, and to compel witnesses to testify

on his behalf. Defendant was sentenced to one year's probation.

Defendant's second DUIL offense occurred in 1981. After being advised of the same rights and after waiving them, defendant pled guilty and was sentenced to twenty-nine days in jail and two years probation.

Subsequently, defendant was twice charged with OUIL, third offense, in March and in May of 1986. At the preliminary examination for the March offense, defendant was represented by counsel and challenged the validity of his two prior uncounseled DUIL misdemeanor convictions. The district court admitted evidence of the convictions over defendant's objection and bound defendant over for trial in circuit court. On December 2, 1986, the circuit court entered an opinion and order granting defendant's motion to quash, finding the prior plea convictions constitutionally invalid for enhancement purposes because defendant had not been apprised of "the dangers and disadvantages of self-representation." The prosecutor did not appeal that decision.

The case against defendant for the May offense, pending at the time the circuit court's decision was entered dismissing the March case, proceeded to preliminary examination in April of 1987. At the preliminary examination, the district court relied on the circuit court's order entered for the March case and refused to admit evidence of defendant's prior convictions for enhancement purposes. The circuit court affirmed the district court's ruling. We granted the prosecutor's request for leave to appeal.

II

We are unpersuaded by defendant's argument

that litigation of the second OUIL-third charge is barred by the doctrines of res judicata or collateral estoppel.

The doctrine of res judicata is to be distinguished from that of collateral estoppel. The doctrine of res judicata does not apply to this case because the facts or evidence essential to the May, 1986, proceeding are not identical to those of the March proceeding—i.e., the May cause of action differs factually from the March cause of action and therefore has not already been litigated. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973); *Braxton v Litchalk,* 55 Mich App 708, 717-718; 223 NW2d 316 (1974).

Collateral estoppel has been applied to criminal cases. *People v Gray,* 393 Mich 1, 4; 222 NW2d 515 (1974), reh den 393 Mich 914 (1975); *People v Davenport,* 46 Mich App 579, 582; 208 NW2d 562 (1973), rev'd on other grounds 51 Mich App 484; 215 NW2d 702 (1974). Collateral estoppel would bar relitigation of issues previously decided by the first OUIL-third action where: (1) the parties to the first OUIL-third action are the same as the parties to the second OUIL-third action; (2) the first OUIL-third cause of action differs from the second OUIL-third cause of action; (3) the same issue is involved in the present OUIL-third charge; (4) the validity of underlying convictions was actually litigated in the first OUIL-third charge; and (5) there is mutuality of estoppel (arising from both litigants in the second suit being bound by the judgment rendered in the first suit). *Braxton, supra* at 720; *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 361-362; 319 NW2d 581 (1982).

Here, the elements of collateral estoppel appear to have been met, since (1) the parties to both actions are the same, (2) the two causes of action

are different, (3) the same issue is involved in the second OUIL-third charge, (4) the validity of the underlying convictions was actually litigated in the first OUIL-third charge, and (5) there is mutuality of estoppel. However, the present case falls within an exception to the bar of collateral estoppel. The exception allows for further litigation of cases such as this, wherein the issue determined by the circuit court's misapplication of a jury-trial legal standard to misdemeanor plea proceedings,[1] see *infra,* may be relitigated in order to avoid inequitable administration of the laws. See 1 Restatement Judgments, 2d, § 28, p 273 and Comment, p 275. See also *Socialist Workers Party v Secretary of State,* 412 Mich 571, 584-587; 317 NW2d 1 (1982).

Additionally, defendant's estoppel argument amounts to a collateral attack on his prior plea-based misdemeanor convictions, which argument also goes to an issue of law likely to result in inequitable administration of the laws.

Collateral attack is limited to felony situations where the constitutional requirements of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), are not met—i.e., where the defendant did not knowingly, intelligently, and voluntarily waive his right to jury trial, confrontation of witnesses, and against self incrimination. *People v Nydam,* 165 Mich App 476, 478; 419 NW2d 417 (1987). Because defendant in this case had entered knowing, intelligent, and voluntary waivers of these rights during his two prior misdemeanor plea proceedings,

---

[1] Under the jury-trial legal standard articulated in *Faretta v California,* 422 US 806, 835; 95 S Ct 2525; 45 L Ed 2d 562, 581 (1975), and adopted by the Michigan Supreme Court in *People v Anderson,* 398 Mich 361; 247 NW2d 857 (1976), the trial court would have a duty to make a *pro se* defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." See *Anderson, supra* at 368, citing *Faretta, supra* at 422 US 835.

as a matter of law collateral attack would not be allowed even were the *Jaworski* collateral-attack safeguards deemed applicable to misdemeanors, which they are not. *Id.* Coupled with the voluntary act of pleading guilty or no contest, defendant's right to counsel, of which he was well advised in both prior misdemeanor plea proceedings, afforded defendant sufficient protection at those proceedings, *id.,* a fact not obviated by valid waivers of that right.

Therefore we conclude that litigation of the second OUIL-third charge is not precluded by the doctrine of collateral estoppel.

III

Having determined that collateral estoppel is not a bar to litigation of this action, we address the prosecutor's argument that defendant's prior uncounseled DUIL misdemeanor convictions were not constitutionally infirm and may be used for enhancement purposes and applied to the May, 1986, charge of OUIL, third offense.

The 1977 and 1981 convictions were based on defendant's entry of his pleas of no contest and guilty, respectively. If defendant's waivers were valid, the lack of counsel at his prior misdemeanor proceedings will not prohibit the use of defendant's prior convictions to enhance a subsequent offense. *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), reh den 447 US 930 (1980); *People v Schneider,* 132 Mich App 214, 216; 347 NW2d 21 (1984), lv den 419 Mich 949 (1984); *People v Jelneck,* 148 Mich App 456, 462; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986).

Defendant argues that his waivers of counsel were not valid because, even though the district court complied with the court rule by advising

defendant of his constitutional rights and informing defendant that he would lose them by waiver, the court did not also apprise defendant of the "dangers and disadvantages of self-representation." We disagree with this contention, since defendant's case clearly falls outside the ambit of *Faretta v California,* 422 US 806, 835; 95 S Ct 2525; 45 L Ed 2d 562, 581-582 (1975), and its adoption by *People v Anderson,* 398 Mich 361, 367-368; 247 NW2d 857 (1976), see *supra,* note 1. The *Faretta/Anderson* directive does not apply to the present case because the defendants in both *Faretta* and *Anderson* insisted on representing themselves at a jury trial. By contrast, at defendant's prior DUIL misdemeanor plea proceedings defendant was not facing a jury trial and the need to understand jury selection, argument, and the rules of evidence. Instead, defendant entered waivers of counsel in order to expedite acceptance of his pleas of guilty or no contest.[2]

---

[2] At defendant's first DUIL misdemeanor proceeding, the district court advised defendant of his right to a trial where he could either represent himself or be represented by licensed counsel of his own choosing at his own expense; the court also informed defendant that where there was a good chance that the court might send defendant to jail, defendant had the right, upon proper showing of financial need, to request appointed counsel at public expense, subject to defendant's repayment upon conviction if defendant was able. Before accepting defendant's plea, the court again reminded defendant of the right, at defendant's option, to confer with an attorney before entering a plea, but when the court asked defendant if he wished to do so, defendant responded in the negative. Still later, the court advised defendant that by entering a plea of no contest, the court understood that defendant was waiving the right to counsel—i.e., knowingly and intelligently giving up the right to an attorney at either private or public expense—and when the court asked defendant if that was correct, defendant responded in the affirmative.

At defendant's second DUIL misdemeanor plea proceeding, the district court's discussion with defendant regarding his right to a trial and to appointed or retained counsel was virtually the same as that which had transpired at the first DUIL plea proceeding, with the court specifically advising defendant that it might be to his advantage to have counsel because a jail sentence was likely. Similar to the prior proceeding, before the court's acceptance of defendant's guilty plea,

Defendant's waivers of counsel were valid. His pleas were entered knowingly and intelligently, and only after having unequivocally waived his constitutional rights to an attorney, against self-incrimination, to confront his accusers at trial, and to compel witnesses to testify in his behalf, of which rights defendant had been advised by the court in compliance with the court rule, MCR 6.201(D)(5), now MCR 6.201(E).

We reject the assertion that compliance with the court rule was insufficient to apprise defendant of the constitutional rights he was giving up by pleading guilty at his misdemeanor plea proceedings. Since the dangers and disadvantages to a defendant without counsel are substantially greater at trial than at a misdemeanor plea proceeding, we cannot accept the notion that a defendant must not be allowed to plead guilty until after the court has discoursed at length and in detail as to why it might be better for him to retain counsel and not plead guilty. In our view, such a requirement would approximate the suggestion that district courts are under a duty to influence misdemeanor defendants not to plead guilty at all.

The court rule requires that the judge determine the defendant's plea to be voluntary, establish support for a finding that the defendant is guilty of the offense, and inform the defendant that by pleading guilty he is giving up the right to a trial and all rights attendant thereto. MCR 6.201(D)(5), now MCR 6.201(E). Our review of this matter discloses that defendant's pleas were understanding, voluntary, and accurate, and that the district court substantially complied with the court rule. MCR 6.201(D)(5), now MCR 6.201(E); *People v Tay-*

defendant three times indicated that he did not wish to have a trial or to have appointed or retained counsel.

*lor,* 89 Mich App 238, 240; 280 NW2d 500 (1979); *Guilty Plea Cases,* 395 Mich 96, 121-124; 235 NW2d 132 (1975), cert den sub nom *Sanders v Michigan,* 429 US 1108 (1977). Hence it was error for the circuit court to deny application of the prior plea-based convictions to enhance a subsequent offense. *Jelneck, supra* at 462.

Reversed.

SAWYER, J., concurs in the result only.