PEOPLE v WILLIAMS

Docket No. 104737. Submitted May 5, 1988, at Marquette. Decided
    October 17, 1988. Leave to appeal applied for.

Roger M. Williams was convicted of operating a motor vehicle
    while under the influence of intoxicating liquor (OUIL), second
    offense, following a jury trial in the 96th District Court. The
    Marquette Circuit Court, Edward A. Quinnell, J., affirmed the
    conviction. The Court of Appeals denied defendant's application
    for leave to appeal. However, the Supreme Court, in lieu of
    granting leave to appeal, remanded the case to the Court of
    Appeals for consideration as on leave granted. 429 Mich 875
    (1987).

The Court of Appeals *held:*

1. A plea-based conviction for OUIL, following proceedings in
which the defendant was not represented by counsel, may be
used to enhance a subsequent conviction for the same offense
where the defendant was advised of his constitutional rights,
including the right to counsel, at the prior proceedings and the
defendant chose to waive his rights before pleading guilty.
Here, the record indicated that defendant was advised of his
rights at the proceedings resulting in his first OUIL conviction
and that he chose to waive his rights prior to the court's
acceptance of his guilty plea. Thus, the use of defendant's prior
conviction to enhance the offense involved in this case was
proper.

2. Evidence of a defendant's refusal to submit to a Breatha-
lyzer test may be admitted at trial where, as here, it is
necessary to rebut evidence offered by the defendant showing a
lack of credibility on the part of the arresting officer or the
officer's failure to administer sobriety tests. As required by
statute, the trial court gave the proper limiting instruction to
the jury that it could not consider defendant's refusal as
evidence of his guilt.

Affirmed.

---

References

Am Jur 2d, Automobiles and Highway Traffic §§ 375, 377, 1030.

See the Index to Annotations under Automobiles and Highway
    Traffic.

1. INTOXICATING LIQUORS — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — PRIOR CONVICTIONS.

A plea-based conviction for operating a motor vehicle while under the influence of intoxicating liquor, following proceedings in which the defendant was not represented by counsel, may be used to enhance any subsequent conviction for the same offense where the defendant, in compliance with the court rule, was advised of his constitutional rights, including the right to counsel, at the prior proceedings and the defendant chose to waive his rights before pleading guilty (MCL 257.625; MSA 9.2325; MCR 6.201[D][5], now MCR 6.201[E]).

2. INTOXICATING LIQUORS — EVIDENCE — OPERATING A VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — BREATHALYZER TESTS.

Evidence of a defendant's refusal to submit to a Breathalyzer test may be admitted at trial where necessary to rebut evidence offered by the defendant showing a lack of credibility on the part of the arresting officer or the officer's failure to administer sobriety tests; where such evidence is admitted, the court, upon the request of either party, shall instruct the jury that it may not consider the refusal as evidence of guilt (MCL 257.625a[8]; MSA 9.2325[1][8]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *David A. Payant,* Assistant Prosecuting Attorney, for the people.

*Theodore F. Fulsher,* for defendant.

Before: BEASLEY, P.J., and SAWYER and WEAVER, JJ.

WEAVER, J. Following a jury trial, defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), second offense, MCL 257.625(5); MSA 9.2325(5). He was sentenced to eight days in the county jail plus payment of costs, treatment for alcohol abuse, and eighteen months probation. Defendant's conviction was affirmed by the circuit court. After an initial denial of leave to appeal, we consider the matter

following the Supreme Court's remand to this Court. 429 Mich 875 (1987). We affirm.

I

On April 11, 1985, defendant and another man were passengers in a vehicle which was stopped by Marquette County sheriff's deputies. After having been dispatched to the scene on the basis of a complaint from a local bar, the deputies found the car weaving down County Road 557. When defendant got out of the car at a deputy's request, the deputy noticed that defendant's eyes were bloodshot and his clothes disheveled, that he stumbled when he exited from the car, that his speech was thick and slurred, and that there was a strong odor of intoxicants on his breath. The deputy told defendant not to drive and then arranged for the Forsyth Township Police to transport defendant to a telephone.

As the township police officer approached the scene on his way to give defendant a ride, he saw the sheriff's deputies headed northbound on Road 557 and defendant also driving northbound. The deputies then turned around and all officers met defendant, who had pulled off the road.

At defendant's trial, both the driver of the car and defendant's fellow passenger testified that defendant had been drinking and was intoxicated. Testifying in his own behalf, defendant claimed that he had consumed seven or eight cans of beer but had not been drunk.

After defense counsel rested his case, the prosecutor asked the district court for permission to introduce rebuttal evidence of defendant's refusal to take a Breathalyzer test. Relying on *People v Duke,* 136 Mich App 798; 357 NW2d 775 (1984), the district court admitted the evidence. During

rebuttal argument, a deputy then testified that defendant had refused to take the chemical breath test which had been offered to him. The court instructed the jury that defendant's refusal was not evidence of his guilt.

Following the jury's verdict of guilty, defense counsel asked the court to suppress defendant's prior plea-based OUIL conviction because it had been obtained without benefit of counsel. After taking the matter under advisement, the court denied defendant's request. Following the circuit court's affirmance of the district court's decision and pursuant to an order of the Supreme Court, we consider defendant's appeal as on leave granted.

II

We are unpersuaded by defendant's argument that it was error for the district court to use defendant's prior uncounseled OUIL misdemeanor conviction, under MCL 257.625(4); MSA 9.2325(4), for purposes of sentence enhancement under MCL 257.625(5); MSA 9.2325(5).

The district court was not required to provide court-appointed counsel if defendant would not be incarcerated. *Scott v Illinois,* 440 US 367, 373-374; 99 S Ct 1158; 59 L Ed 2d 383 (1979). See also *People v Stratton,* 148 Mich App 70, 72-75; 384 NW2d 83 (1985). A review of the judge's comments to defendant during the prior misdemeanor plea proceeding shows that the judge knew he was required to offer court-appointed counsel if incarceration was mandated or likely to occur. This fact plus defendant's failure to provide information concerning his prior OUIL misdemeanor sentence leads us to conclude that court-appointed counsel was not required because the district court never

intended to incarcerate defendant and incarceration never occurred.

Defendant's prior uncounseled misdemeanor conviction may therefore be used to enhance a later offense if during the prior misdemeanor proceeding defendant was apprised of his right to counsel and entered a valid waiver thereof. *People v Schneider,* 171 Mich App 82; 429 NW2d 845 (1988). In district court, a valid waiver of counsel is effected, after the court's presentation of defendant's rights as set forth in MCR 6.201(D)(5), now MCR 6.201(E), upon defendant's unequivocal indication to the court that he chooses to forgo the benefits of counsel. The judge's substantial compliance with the court rule suffices as a basis for accepting defendant's plea if the plea is understanding, voluntary and accurate. *Schneider, supra; People v Jelneck,* 148 Mich App 456, 462; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986).

Here, defendant's prior uncounseled misdemeanor conviction may be used to enhance his second offense because defendant entered a valid waiver of counsel. At the first OUIL misdemeanor proceeding defendant was properly advised of his constitutional rights to an attorney, against self-incrimination, to confront his accusers at trial, and to compel witnesses to testify in his behalf. MCR 6.201(D)(5), now MCR 6.201(E). Defendant nevertheless three times knowingly and intelligently made an express waiver of his right to counsel prior to the court's acceptance of his guilty plea. Therefore, there was no infringement of defendant's constitutional right to counsel, and the prior plea-based uncounseled misdemeanor conviction was admissible to enhance a later offense.

III

We also reject defendant's argument that the

district court erred by allowing the prosecutor to introduce rebuttal evidence of defendant's refusal to take a Breathalyzer test. Subject to a limiting instruction, evidence of defendant's refusal was permissible to rebut defendant's evidence which had attacked the arresting officer's credibility and asserted failure to administer sobriety tests. *People v Duke,* 136 Mich App 798, 803-804; 357 NW2d 775 (1984), lv den 419 Mich 950 (1984). See also *People v Kelly,* 423 Mich 261, 281; 378 NW2d 365 (1985). The district court gave the proper limiting instruction, pursuant to MCL 257.625a(8); MSA 9.2325(1)(8), that evidence of defendant's refusal was not evidence of guilt. We find no abuse of discretion. *People v Hubbard,* 159 Mich App 321, 327; 406 NW2d 287 (1987).

Affirmed.