PEOPLE v SCHNEIDER

Docket No. 69284. Submitted October 4, 1983, at Lansing.—Decided February 8, 1984. Leave to appeal applied for.

Henry Schneider, Jr., was charged with operating a motor vehicle while under the influence of intoxicating liquor, third offense. Defendant moved to strike the two prior convictions from consideration by the court. The Midland Circuit Court, Tyrone Gillespie, J., treated it as a motion to quash the information and denied it. Defendant appealed by leave granted. *Held:*

Defendant's two prior convictions had been by pleas of guilty and defendant had not been represented by counsel. The plea to the second charge was made subsequent to the effective date of the District Court Rule regarding the right to counsel and the procedure for waiving that right. The right to counsel was not waived in accordance with that procedure. Therefore, that conviction may not be used to support guilt or enhance punishment in a subsequent case.

Affirmed in part, reversed in part and remanded.

1. Criminal Law — Sentence Enhancement — Right to Counsel — Constitutional Law.

A conviction for a felony in a state court without counsel having been present or valid waiver of counsel having been made may not be used to support guilt or enhance punishment for another offense nor can conviction of a misdemeanor, where the record indicates no counsel present or formal waiver of counsel, be used to convert a subsequent conviction into a felony under a state's enhanced penalty statute (US Const, Am VI).

References for Points in Headnotes

[1, 3] 21 Am Jur 2d, Criminal Law § 530.
   21A Am Jur 2d, Criminal Law § 988.
   39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 9.
   Accused's right to counsel under the Federal Constitution—Supreme Court cases. 18 L Ed 2d 1420.
[2] 28 Am Jur 2d, Estoppel and Waiver § 154.
[3] 21 Am Jur 2d, Criminal Law § 474.
   21A Am Jur 2d, Criminal Law § 991.

2. WORDS AND PHRASES — WAIVER.
   Waiver is defined as an intentional relinquishment or abandonment of a known right or privilege.

3. CRIMINAL LAW — SENTENCE ENHANCEMENT — MISDEMEANOR CONVICTIONS — RIGHT TO COUNSEL — COURT RULES.
   A conviction of a misdemeanor based on a guilty plea may not be used to enhance a subsequent sentence where the plea was made without the presence of counsel and the right to counsel was not waived in accordance with the applicable court rule (DCR 785.4[c]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald L. White,* Prosecuting Attorney, and *Norman W. Donker,* Assistant Prosecuting Attorney, for the people.

*John P. Higgins,* for defendant.

Before: ALLEN, P.J., and BEASLEY and M. E. CLEMENTS,* JJ.

PER CURIAM. Defendant was arrested on August 28, 1982, in Midland County and charged with operating a motor vehicle while under the influence of intoxicating liquor, third offense, a felony, MCL 257.625; MSA 9.2325. Defendant's motion to strike, which was considered as a motion to quash the information by the trial court, was denied by written order on January 18, 1983. Defendant's interlocutory application for leave to appeal from that order was granted by this Court on February 24, 1983.

The two previous convictions were, on January 24, 1974, for driving under the influence of intoxicating liquor, first offense, and for driving under the influence of intoxicating liquor, second offense on January 26, 1981, in the 75th District Court in Midland County. In both cases the defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pleaded guilty to the charge. In both cases the defendant was not represented by counsel in the district court. The defendant claims that misdemeanor convictions obtained without counsel being present cannot be used against him to support guilt on the present felony charge, nor could they be used to enhance the punishment in the case.

This is not a case where the defendant seeks to set aside a prior misdemeanor conviction or claims that he was denied a constitutional right during the plea-taking process. The question becomes one of whether it is permissible to use prior convictions to support guilt or enhance punishment of a subsequent offense where the records of the prior offenses show that the defendant was informed of his right to counsel and that he thereafter pled guilty, but where the records do not show that he affirmatively waived his right to counsel.

Under the Sixth Amendment to the United States Constitution, a conviction for a felony in a state court without counsel being present and without a valid waiver of counsel having been obtained may not be used to support guilt or enhance punishment for another offense. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967); *People v Nelson,* 73 Mich App 395; 251 NW2d 602 (1977). Similarly, conviction of a misdemeanor, where the record indicates no counsel or formal waiver of counsel, may not be used to convert a subsequent conviction into a felony under a state's enhanced penalty statute. *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), *reh den* 447 US 930; 100 S Ct 3030; 65 L Ed 2d 1125 (1980), and *People v Olah,* 409 Mich 948; 298 NW2d 422 (1980). See also *People v Courtney,* 104 Mich App 454; 304 NW2d 603 (1981).

Both the defendant and the prosecution agree that in the present case the defendant may not be prosecuted for the third offense felony if he did not effectively waive his right to counsel. What constitutes an effective waiver of counsel in such cases?

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938).

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v Cochran,* 369 US 506, 516; 82 S Ct 884; 8 L Ed 2d 70 (1962).

Michigan courts have adopted the *Zerbst* definition of waiver. See *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). However, there is no agreement as to the application of waiver to a set of facts. One line of cases supports the prosecution's contention that an express waiver is not required and that, if the court reads or recites to the defendant his rights and defendant responds by saying he wishes to plead guilty, defendant has thereby "knowingly, intelligently and voluntarily" waived his right to counsel. *People v Scott,* 381 Mich 143; 160 NW2d 878 (1968); *People v Dunn,* 380 Mich 693; 158 NW2d 404 (1968); *People v Hobdy,* 380 Mich 686; 158 NW2d 392 (1968).

Another line of cases supports defendant's contention that a waiver is constitutionally infirm if the record shows only that the court read defen-

dant his rights and defendant said he understood but the record does not show that he was given an opportunity to assert those rights or that his statement was not knowingly or intelligently made. *People v Simpson,* 35 Mich App 1; 192 NW2d 118 (1971); *People v Parshay,* 379 Mich 7; 148 NW2d 869 (1967); *People v Whitsitt,* 359 Mich 656; 103 NW2d 424. (1960).

As the trial judge indicated in his written opinion both *Baldasar* and *Olah* could be read to support a view that any uncounselled plea is infirm whether right to counsel was effectively waived or not. We agree with the trial judge that not all uncounselled pleas of guilty are infirm. However, *People v Courtney, supra,* does not stand for the proposition by implication that, if the defendant is informed of his right to counsel and he pleads guilty, he has waived counsel. DCR 785.4(c) states:

"The right to the assistance of a lawyer, to an appointed lawyer, or to a trial by jury is not waived unless the defendant (1) has been informed of the right; and (2) *has waived it in a writing that is made a part of the file or orally on the record."* (Emphasis added.)

DCR 785.4(c) became effective on October 4, 1976. This rule went into effect after defendant's first conviction in 1974 but it does apply to the 1981 conviction. The transcript of the conviction in 1981 indicates that the judge took great effort in explaining the applicable rights to the defendant. The judge had to interrupt the defendant on a number of occasions in order to fully explain his right to counsel and that he need not plead guilty. The record does not show that the defendant "waived * * * orally on the record". This rule contemplates an express waiver on the record and

not an implied waiver by reason of the defendant's responding by pleading guilty.

The order of the trial court denying the motion to quash is reversed. The 1981 conviction may not be used as an element of guilt or basis for enhanced punishment. The 1974 conviction may be so used by the prosecution, but the jurisdiction of such offense, being a misdemeanor, is in the 75th District Court.

Affirmed in part, reversed in part and remanded.