PEOPLE v KANOUSE (ON REHEARING)

Docket No. 68278. Submitted August 16, 1983, at Grand Rapids.—
    Decided January 3, 1984, and decided on rehearing May 1,
    1984. Leave to appeal applied for.

   Wayne F. Kanouse was convicted of driving under the influence
    of intoxicating liquor (DUIL), third offense, and resisting arrest,
    Oceana Circuit Court, Terrence R. Thomas, J. Defendant ap-
    pealed. The Court of Appeals affirmed. 131 Mich App 363
    (1984). Defendant moved for a rehearing, asserting that the
    prosecution bore the burden of proof of establishing that his
    prior conviction for DUIL, second offense, was properly ob-
    tained and that, accordingly, the failure of the trial judge at
    the guilty plea resulting in the prior conviction to advise
    defendant of his right to appointed counsel rendered the prior
    conviction defective for the purpose of the sentence enhance-
    ment provisions of the DUIL statute. The motion for rehearing
    was granted. *Held:*

   A defendant, in challenging the validity of a prior DUIL
    conviction on the basis of the failure to advise him of his right
    to appointed counsel if indigent, must establish that he was
    prejudiced by the failure to inform him of that right. To
    establish that he was thereby prejudiced, a defendant has the
    burden of showing that he was, in fact, indigent at the time of
    the prior conviction. This burden of proof is no greater than
    the burden the defendant would have had at the time of the
    prior conviction had he indicated a desire that counsel be
    appointed. Since defendant failed to show that he was indigent
    at the time of the prior conviction, no prejudice resulted from
    the failure of the court at the time of the prior conviction to
    inform the defendant of his right to appointed counsel. Accord-
    ingly, the prior conviction was properly considered for sentence
    enhancement purposes.

       Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
[1] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 296-302, 310.
   39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 9,
    15.5, 25.

CRIMINAL LAW — APPOINTMENT OF COUNSEL — INDIGENTS — BURDEN OF PROOF.

    A criminal defendant seeking to avoid the enhanced sentence provisions of the statute pertaining to driving under the influence of intoxicating liquor on the basis that a prior similar conviction could not be used because the defendant at the guilty plea resulting in the prior conviction was not advised of his right to appointed counsel has the burden of showing that at the time of the prior conviction he was indigent and unable to retain counsel; absent a showing that he was indigent at the time of the prior conviction, a defendant has not established prejudice resulting from the failure to inform him of his right to appointed counsel and, accordingly, is not entitled to have the prior conviction treated as invalid for sentence enhancement purposes (MCL 257.625; MSA 9.2325).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Anthony A. Monton,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

ON REHEARING

Before: DANHOF, C.J., and MACKENZIE and M. DODGE,* JJ.

PER CURIAM. In our original opinion in this case, 131 Mich App 363; 346 NW2d 101 (1984), we affirmed defendant's convictions of driving under the influence of liquor (DUIL), third offense, MCL 257.625; MSA 9.2325, and resisting arrest, MCL 750.479; MSA 28.747. We granted defendant's application for rehearing to clarify our position regarding who has the burden of proof in a situation, such as defendant's, where a prior DUIL conviction is challenged as invalid for sentence enhance-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment purposes because the defendant was not informed of his right to appointed counsel if indigent.

We hold that it is the defendant's burden to show, when making his collateral challenge, that he was indigent at the time of the prior offense in order to invalidate a prior guilty plea conviction at which the trial judge failed to inform defendant of his right to appointed counsel if the defendant could not afford to retain an attorney. Our holding here puts no greater burden on a defendant than that borne by him originally. In order to obtain appointed counsel at trial, a defendant must disclose his financial status and show an inability to retain counsel. See *People v Gillespie,* 41 Mich App 748; 201 NW2d 104 (1972); *People v Cochran,* 406 Mich 947 (1979). Upon a showing of indigency, counsel is appointed for the defendant. Where a defendant asserts that a prior conviction is invalid because he was not informed of his right to appointed counsel, defendant must show prejudice by proving that he was indigent at the time of the prior conviction. Where, as here, a defendant makes no showing in his collateral challenge that he was, in fact, financially unable to retain counsel at the time of the prior proceeding, no prejudice is shown.

Affirmed.