PEOPLE v STRATTON

Docket No. 80893. Submitted July 9, 1985, at Grand Rapids.—Decided December 17, 1985.

Larry J. Stratton was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUIL), third offense, Barry Circuit Court, Hudson E. Deming, J. Defendant's motion for a new trial was denied, and he applealed, alleging that his two previous convictions for OUIL were obtained when he was without counsel and therefore should not have been used to enhance the present offense from a misdemeanor to a felony under the statutory multiple offense provisions and that the trial court erred in admitting evidence that defendant refused to submit to a Breathalyzer test. *Held:*

1. A court may not enhance punishment because of a prior misdemeanor or ordinance violation conviction obtained when the defendant was not represented by counsel. The defendant, when offering guilty pleas to the previous charges, had indicated that he had consulted with counsel, but he was not in fact represented by counsel at the guilty plea proceeding. The trial court in the present case erred in finding that defendant had been represented at the plea proceeding.

2. Evidence of the refusal to take the Breathalyzer test should not have been admitted in the prosecution's case-in-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 123, 307, 375, 377-380, 384.

Am Jur 2d, Courts §§ 6-9, 12-15, 91, 135.

Am Jur 2d, Criminal Law §§ 530, 646-651, 732 *et seq.,* 836-848, 967 *et seq.*

· Denial of accused's request for initial contact with attorney—drunk driving cases. 18 ALR4th 705.

Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.

Duty of law enforcement officer to offer suspect chemical sobriety test under implied consent law. 95 ALR3d 710.

See also the annotations in the ALR3d/4th Quick Index under Automobiles and Highway Traffic; Courts.

chief because it is not evidence of guilt or innocence or an essential element of the charge offense.

Reversed and remanded.

1. COURTS — STATE COURTS — FEDERAL COURTS.

A state court is free to choose the view on an issue which seems most appropriate to it where the lower federal courts have not come to an agreement on the issue and the United States Supreme Court has not provided a definitive answer on the issue.

2. CRIMINAL LAW — SENTENCING — ENHANCEMENT OF SENTENCE.

A court may not enhance a defendant's punishment at sentencing because of a prior misdemeanor or ordinance violation conviction obtained when the defendant was not represented by counsel.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAIR TRIAL.

The Sixth Amendment right to the assistance of counsel means the effective assistance of counsel; the purpose of the Sixth Amendment is to guarantee a fair trial, one that can be relied on as having produced a just result (US Const, Am VI).

4. CRIMINAL LAW — WAIVER OF COUNSEL.

It is impermissible to find from a silent record that a defendant waived his right to counsel.

5. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUORS — BREATHALYZER TEST.

Evidence that a defendant charged with driving under the influence of intoxicating liquor refused to submit to a Breathalyzer or blood-alcohol test is not admissible at trial in the prosecution's case-in-chief as it is not evidence of guilt or innocence or an essential element of the offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy H. Hughes,* Prosecuting Attorney, and *Dale A. Crowley,* Chief Assistant Prosecuting Attorney, for the people.

*James H. Fisher,* for defendant on appeal.

Before: WAHLS, P.J., and ALLEN and J. C. RAVITZ,* JJ.

PER CURIAM. Defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625; MSA 9.2325. For his sentence, defendant received three years' probation with the first year to be spent in jail subject to work release. Defendant's motion for new trial was denied and he appeals as of right. We reverse.

I

Defendant first challenges the enhancement of his conviction for OUIL from a misdemeanor to a felony under the multiple offense provision of MCL 257.625(6); MSA 9.2325(6). Defendant contends that his prior two convictions for OUIL were obtained without counsel and that he had not waived counsel. The people respond that defendant did have counsel, or that he waived counsel by his actions, and in any event he was not prejudiced. The court below concluded that defendant had the benefit of counsel.

Defendant's prior convictions occurred as follows. He was charged with the first offense on November 27, 1978, and entered a plea of not guilty. He was charged with the second offense on February 2, 1979. At his arraignment on the second charge, defendant indicated that he had an attorney, Henry Blakely. The district court urged defendant to get in touch with Blakely and have the attorney file an appearance. On June 5, 1979, defendant appeared before the district court to plead guilty to both charges. The following colloquy occured:

_____

* Recorder's court judge, sitting on the Court of Appeals by assignment.

"*The Court:* Mr. Stratton, has Mr. Blakely entered his appearance in this matter?

"*Mr. Agents [Prosecutor]:* I don't believe he has. However, this morning I did talk with Mr. Blakely concerning these matters. He indicated to me that he had advised his client to enter a plea of guilty on these charges and the city attorney's office is going to make a recommendation that no jail time be imposed on these matters. However, this is merely a recommendation, ya know, as the Court knows.

"*The Court:* Mr. Stratton, is that correct that you did talk to Mr. Blakely this morning?

"*The Defendant:* Yes I have, your Honor."

The court then proceeded to take defendant's pleas of guilty.

Defendant now relies on the following statement of this Court in *People v Schneider,* 132 Mich App 214, 216; 347 NW2d 21 (1984):

"Under the Sixth Amendment to the United States Constitution, a conviction for a felony in a state court without counsel being present and without a valid waiver of counsel having been obtained may not be used to support guilt or enhance punishment for another offense. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967); *People v Nelson,* 73 Mich App 395; 251 NW2d 602 (1977). Similarly, conviction of a misdemeanor, where the record indicates no counsel or formal waiver of counsel, may not be used to convert a subsequent conviction into a felony under a state's enhanced penalty statute. *Baldasar v Illinois,* 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), *reh den* 447 US 930; 100 S Ct 3030; 65 L Ed 2d 1125 (1980), and *People v Olah,* 409 Mich 948; 298 NW2d 422 (1980) *[cert den* 450 US 957; 101 S Ct 1415; 67 L Ed 2d 381 (1981)]. See also *People v Courtney,* 104 Mich App 454; 304 NW2d 603 (1981)."

We might also add, see *People v Kanouse,* 131 Mich App 363, 369; 346 NW2d 101 (1984), *on reh*

134 Mich App 401; 350 NW2d 760 (1984), *mod* 421 Mich 855 (1985).

Although defendant's cited authority appears strong, the people question whether *Baldasar, supra,* stands for what our courts have said it does. Upon our review of the question, we find some merit in the people's argument but we nevertheless grant defendant the requested relief.

In *Schindler v Clerk of Circuit Court,* 715 F2d 341, 343-344 (CA 7, 1983), the Seventh Circuit Court of Appeals has written an excellent summary of the law concluding with *Baldasar:*

"We commence our analysis with *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967), in which the Court extended the rule established in *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), that the right to counsel guaranteed by the sixth amendment applies in all state felony proceedings, 'making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.' 389 US at 114; 88 S Ct at 261. In *Burgett* the Court held that the prosecution may not offer evidence of a prior uncounseled felony conviction in an effort to enhance the defendant's punishment under the Texas recidivist statute. The Court explained, '[T]he admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v Wainwright* is inherently prejudicial. * * * '*Id.* 389 US at 115; 88 S Ct at 262. Five years later in *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), the Court held that a prior conviction that was constitutionally invalid, having been obtained in violation of *Gideon,* could not even be considered by the judge in sentencing a defendant convicted of bank robbery.

"In the same term as *Tucker,* the Court decided *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), and extended the right to counsel to misdemeanor proceedings where the accused is sentenced to a prison term. The Court rejected the notion

that simply because crimes punishable by imprisonment for less than six months may be tried without a jury, they may also be tried without a lawyer. *Id.* at 30-31; 92 S Ct at 2009-2010. It observed that although *Gideon v Wainwright, supra,* involved a felony prosecution, the rationale of the decision applied to any criminal trial where the accused's liberty is in jeopardy, explaining, '[T]he requirement of counsel may well be necessary for a fair trial even in a petty-offense prosecution.' 407 US at 33; 92 S Ct at 2010. The Court therefore held that 'absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.' *Id.* at 37; 92 S Ct at 2012 (footnote omitted).

"In *Scott v Illinois,* 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1979), the Court shed some light on the limitations of its prior decisions in *Burgett, Tucker,* and *Argersinger.* In *Scott,* an indigent uncounseled defendant had been convicted of shoplifting and fined $50 in an Illinois state court. Under the applicable statute, he had faced a possible sentence for such an offense of one year in jail, or a $500 fine, or both. The defendant contended that under the Supreme Court's sixth amendment decisions, particularly *Argensinger,* a state is required to provide counsel whenever imprisonment is an authorized penalty. The Supreme Court rejected this contention. The Court noted that in *Argensinger* it had drawn the line at actual imprisonment as 'defining the constitutional right to appointment of counsel.' 440 US at 373; 99 S Ct at 1162. It therefore held in *Scott* 'that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense.' *Id.* at 373-74; 99 S Ct at 1161-62. Thus, conviction of an uncounseled indigent defendant is constitutionally valid, even if he has not waived his right to counsel, so long as the accused is not sentenced to an actual term of imprisonment.

"Neither *Scott* nor *Argersinger* answered the question whether a valid uncounseled misdemeanor convic-

tion not resulting in imprisonment could be used for collateral purposes. This issue arose for the Court's consideration in *Baldasar v Illinois, supra.* Baldasar had been convicted of misdemeanor theft in May 1975 without being represented by a lawyer, and was given a fine and placed on probation. Six months later, he was charged with another offense under the same statute. At his trial the state introduced evidence of the prior conviction and asked that Baldasar be punished as a felon under the Illinois enhancement statute. His counsel unseccessfully objected to the collateral use of his prior uncounseled conviction on the ground that because Baldasar had not been represented by a lawyer at the first proceeding, the conviction was too unreliable to support enhancement of the second misdemeanor. Baldasar was convicted of a felony and sentenced to prison for one to three years. The Illinois Supreme Court affirmed his conviction.

"By a 5-4 vote, the Supreme Court reversed the conviction in a cursory per curiam opinion, relying on reasons expressed in three separate concurring opinions. In his brief concurrence, Justice Stewart expressed the view that Baldasar's felony sentence collided with the constitutional rule of *Scott v Illinois, supra,* for as an indigent defendant he was sentenced to an increased term of imprisonment *'only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense.' *Baldasar, supra,* 446 US at 224; 100 S Ct at 1586 (emphasis in original). In his own concurrence, Justice Marshall likewise concluded that a defendant's 'prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction.' *Id.* at 226; 100 S Ct at 1587. Justices Brennan and Stevens joined Justice Stewart and Justice Marshall in their concurring opinions.

"Justice Blackmun, differing in his reasons from the other two concurrences, concurred separately. Maintaining the view he had expressed in his dissent in *Scott v Illinois, supra,* he reiterated the 'bright line' approach that would require the appointment of counsel whenever an indigent defendant is prosecuted for a

non-petty criminal offense punishable by more than six months' imprisonment. Having been prosecuted for an offense punishable by more than six months' imprisonment, Baldasar, under Justice Blackmun's test, had been entitled to counsel at his original misdemeanor trial. Because Baldasar was not represented by a lawyer, Justice Blackmun believed that the prior conviction was completely invalid and could not be used to support enhancement. Thus, Justice Blackmun expressed no view on the reasoning employed by the plurality. His vote, however, was essential in order to achieve a majority. In light of Justice Blackmun's singular approach and the failure of the *Baldasar* majority to agree upon a rational for its result, the scope of the decision remains unclear.[4]

---

"[4] *See* Rudstein, *The Collateral Use of Uncounseled Misdemeanor Convictions after Scott and Baldasar,* 39 U Fla L Rev 517, 529 (1982)."

---

The Court's conclusion that the scope of the *Baldasar* decision is unclear states the problem but mildly. In *Marks v United States,* 430 US 188, 193; 97 S Ct 990; 51 L Ed 2d 260 (1977), the Court held that, when no opinion in one of its decisions commands the support of the majority of the justices, the holding of the Court is determined by the "least common denominator", the position taken by the justices who based their acquiescence in the decision on the narrowest grounds. In *Schindler, supra,* p 345, fn 5, the Seventh Circuit concluded that there is no common denominator in *Baldasar.* Without referring to *Marks, supra,* the Ninth Circuit has concluded that "no rule can be said to have resulted" from *Baldasar. United States v Robles-Sandoval,* 637 F2d 692, 693, fn 1 (CA 9, 1981). However, the Tenth Circuit, citing *Marks,* has concluded that Justice Blackmun's rationale is the holding of *Baldasar. Santillanes v United States Parole Comm,* 754 F2d 887, 889 (CA 10, 1985). Other courts have drawn from *Baldasar*

a rule consistent with the expressed views of the four justices who signed the concurring opinions of Justices Stewart and Marshall. See cases cited in *Addvensky v Gunnell,* 605 F Supp 334, 338 (D Conn, 1983).

As the case law now stands, two conclusions are obvious: first, the Supreme Court has not provided a definitive answer to the question presented in *Baldasar* and, second, the lower federal courts have not come to agreement on the proper rationale to follow in cases since *Baldasar.* Given this state of the federal law, our state courts may "feel free to choose the view which seems most appropriate to us". *Schueler v Weintrob,* 360 Mich 621, 634; 105 NW2d 42 (1960). In *Olah, supra,* 409 Mich 948-949, our Supreme Court chose the view expressed by four of the justices concurring in the *Baldasar* per curiam opinion, stating, "A court may not enhance punishment at sentencing because of a misdemeanor or ordinance conviction obtained when defendant was not represented by counsel". We must adhere to that view in this case. Accordinly, defendant's prior misdemeanor convictions, although valid under *Scott* and Justice Blackmun's "bright line" rule,[1] may not be used to enhance his sentence in this case if they were obtained without benefit of counsel.

When courts speak of a "counselless" criminal proceeding, reference is usually made to the assused's Sixth Amendment right to the assistance of counsel. US Const, Am VI. That right has been construed to mean the effective assistance of counsel. *Strickland v Washington,* — US —; 104 S Ct 2052; 80 L Ed 2d 674, 692 (1984). Review of an accused's claim that he was denied his constitu-

---

[1] Both of the convictions had been charged as first time offenses. As such, the maximum imprisonment possible was 90 days. Defendant was not actually imprisoned but ordered to pay a fine and costs.

tional right to counsel is guided by the Sixth Amendment's purpose of ensuring a fair trial, one that can be relied on as having produced a just result. *Strickland,* 80 L Ed 2d 692-693. However, in the instant case, defendant's claim is not that he was denied a fair trial, when he pled guilty to the two misdemeanor OUIL charges. The question is not whether the prior misdemeanor convictions are subject to collateral attack and invalid but whether they may be used in the present proceeding. See *People v Crawford,* 417 Mich 607, 614, fn 14; 339 NW2d 630 (1983). In this context, case law construing the constitutional right to assistance of counsel is of limited usefulness because of its focus on the requirement that an accused show prejudice. *People v Carter,* 412 Mich 214; 313 NW2d 896 (1981) (counsel absent from prelinimary examination), *People v Trudeau,* 51 Mich App 766; 216 NW2d 450 (1974), *lv den* 391 Mich 839 (1974), *cert den* 419 US 868; 95 S Ct 125; 42 L Ed 2d 106 (1974) (counsel not permitted at arraignment), *People v Williams,* 47 Mich App 392; 209 NW2d 471 (1973) (counsel not present at time verdict returned).

*Carter, supra,* does however offer assistance because of its somewhat analogous facts. In that case, the defendant appeared for his preliminary examination without an attorney. He indicated that he had consulted an attorney, had the benefit of the attorney's advice and decided to represent himself at the examination. Clearly, the attorney's advice did not constitute the assistance of counsel at the examination and the defendant was entitled to be informed of his right as an indigent to court-appointed counsel.[2]

---

[2] Defendant Stratton admits that he was not indigent and was not entitled to a court-appointed attorney. See *Kanouse, supra,* 131 Mich App 370; *cf. People v Spears,* 146 Mich App 377; 380 NW2d 111 (1985) (defendant represented by counsel need not be advised of his right to counsel).

We hold that defendant's consultation with Henry Blakely did not constitute assistance of counsel at defendant's plea proceeding. The fact that defendant said he had counsel does not establish that he was assisted by counsel at the proceeding. The court below erred in finding that defendant was represented.

The circuit court did not reach the question whether defendant waived counsel. It seems probable that, in accepting defendant's misdemeanor guilty pleas, the district court assumed that defendant had counsel and, therefore, it was unnecessary to advise him of the right to counsel or inquire into a waiver. On such a silent record, we believe that finding a waiver of the right to counsel is impermissible. *Schneider, supra,* 132 Mich App 217. Accordingly, we hold that defendant's misdemeanor convictions were obtained without counsel and may not be used to enhance the sentence for a subsequent OUIL conviction.

## II

Defendant next argues that his present conviction for OUIL must be reversed because the prosecutor was permitted to introduce evidence that defendant refused to take a Breathalyzer test. On August 7, 1984, the trial court denied defendant's motion for new trial, ruling that the evidence was admissible notwithstanding *People v Hayes,* 64 Mich App 203; 235 NW2d 182 (1975), because the Legislature had changed the law subsequent to *Hayes.* On August 20, 1984, this Court decided *People v Duke,* 136 Mich App 798, 803; 357 NW2d 775 (1984), *lv den* 419 Mich 950 (1984), and held that "evidence of refusal to take the tests provided by statute should not be admitted in the case-in-chief as it is not evidence of guilt or innocence or

an essential element of the prosecutor's case". We follow *Duke* and conclude that the trial court was in error.

Defendant's conviction is reversed and the case is remanded for new trial. Evidence of defendant's refusal to submit to the Breathalyzer test may be admitted only as permitted by *Duke, supra.* Defendant's prior misdemeanor convictions may not be used to enhance his sentence if, on retrial, he is again convicted.

Reversed and remanded.