# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONOVAN HOWARD PAYEUR,

        Defendant-Appellant.

UNPUBLISHED
August 16, 2018

No. 337325
Gogebic Circuit Court
LC No. 2015-000215-FH

Before: SAWYER, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*); conspiracy to commit possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*); possession of a firearm by a felon, MCL 750.224f; possession of ammunition by a felon, MCL 750.224f(6); possession of marijuana, MCL 333.7403(2)(d); and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a second habitual offender, MCL 769.10, to concurrent terms of 9 to 30 years' imprisonment for the possession-with-intent-to-deliver and conspiracy convictions, 4 to 7.5 years' imprisonment for the felon-in-possession convictions, and 180 days for the possession-of-marijuana conviction, and to a two-year consecutive prison term for the felony-firearm conviction. Defendant appeals as of right. We affirm.

## I. FACTS

The police stopped a vehicle being driven by James Engles in which Christine Leonzal was a passenger. Leonzal testified that she had been smoking methamphetamine with Engles and defendant beforehand. Engles testified that defendant had sold him approximately half of a gram of methamphetamine and that defendant took the drug from a box in the garage. Leonzal averred that Engles was a thief and drug abuser. She initially told police that defendant possessed guns and drugs at his home. Her information was used to get a search warrant for defendant's residence.

Before the warrant was executed, defendant was stopped by police when he ran a stop sign. There was ammunition in his car and marijuana was found during a consensual search of his person. During a subsequent search of defendant's home, police found, among other items,

methamphetamine, a firearm and more ammunition, and the box in the garage from which defendant had taken methamphetamine to sell to Engles.

At trial, Leonzal testified that she came to Michigan with Engles to return a car to defendant. She stated that prior to her arrest, she attempted to leave defendant's home after consuming methamphetamine, but her vehicle stalled on the road, and defendant picked her up and they returned to his home. Leonzal stated that eventually she felt she was being held "as collateral against [her] will" in defendant's home, and that defendant was carrying a Tech-9 in his home during this period in a threatening manner. She stated that defendant was "really mad, very, very mad . . . and . . . told me that I was not leaving or going home until [Engles] came back." Leonzal testified that when she was arrested, she initially did not tell police officers that she saw a gun at defendant's home, but only "heard" about defendant possessing it, because she feared that the expression "snitches. . . end up in ditches" would come true.

## II. ANALYSIS

Defendant argues that he received ineffective assistance of counsel. We conclude that he has failed to establish this claim.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). Because defendant's ineffective assistance of counsel claim was not preserved at the trial court level, this Court's review is limited to errors that are apparent from the record. *Id*.

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense. Const 1963, art 1, § 20; US Const, Am VI." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). That means the defendant is entitled to effective assistance. *People v Stratton*, 148 Mich App 70, 78; 384 NW2d 83 (1985). Effective assistance of counsel is presumed and the defendant bears a heavy burden of proving otherwise. *Premo v Moore*, 562 US 115, 121; 131 S Ct 733; 178 L Ed 2d 649 (2011); see also *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, *Trakhtenberg*, 493 Mich at 51; *Strickland v Washington*, 466 US 668, 691-692; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (trial counsel's performance must be measured against an objective standard of reasonableness and without the benefit of hindsight); *People v Payne*, 285 Mich App 181, 188, 190; 774 NW2d 714 (2009). This Court will not substitute its judgment for that of counsel regarding matters of trial strategy. *Payne*, 285 Mich App at 190.

### A. Leonzal's availability for trial

Defendant first argues that defense counsel was ineffective for insisting that Leonzal be made available to testify at trial.

Defendant asserts that "it appears that the prosecutor informed defense counsel that she did not intend to present . . . Leonzal at trial, but that counsel demanded that she be produced. . . ." Defendant avers that the prosecution wanted to "drop" Leonzal from its witness list before trial, but defense counsel insisted that she be made available to testify at trial. Then, defense counsel ultimately did not call her as a witness. Regardless of whether defendant's assertions are accurate, defendant cannot establish the first or second prong needed for an ineffective assistance claim.

Even if defense counsel insisted that Leonzal be made available for trial and then did not call her as a witness for the defense, defendant does not sufficiently articulate why insisting that Leonzal be made available to testify was an objectively unreasonable decision. Defendant states that "but for counsel's insistence, the jury would never have heard from . . . Leonzal, whose testimony was very harmful to [defendant]."

Defendant's argument fails in part because defense counsel could have legitimately asked for Leonzal's availability at trial and not called her to testify for the defense. Once the prosecution called her as a witness, counsel may not have needed to call her since he was able to cross-examine rather than directly examine her. Counsel may have made a strategic decision that it was necessary to undermine her credibility and elicit negative information about other prosecution witnesses through Leonzal. An officer had testified that when Leonzal was arrested, she made comments about being held captive by defendant. Counsel was aware of this evidence, as well as the weight of the evidence against defendant and of the multiple witnesses providing testimony about the gun and methamphetamine he possessed, and may have made a reasonable calculation that Leonzal's testimony, even if harmful in part to defendant, could be helpful in undermining her own credibility and that of others. Leonzal testified that she initially lied to police when they interviewed her after her arrest. This fact could have left the jury with a sense that Leonzal's statement to the officer and subsequent testimony about being held against her will in defendant's garage, and her observations that defendant sold methamphetamine and possessed a gun, were untrue. Leonzal also stated that Engles, an important prosecution witness who detailed the fact that defendant was in the drug business, was a thief and abused drugs. This testimony could have undermined Engles's credibility in the minds of the jury. Trying to ensure Leonzal's presence so as to elicit these compromising details could have been a reasonable tactic by defense counsel. The aforementioned details would only have been presented to the jury if Leonzal was made available for trial.

Defendant has also failed to establish that the outcome of his trial would have been different but for defense counsel's insistence that Leonzal be made available for trial when he did not even call her as a defense witness. Even if counsel had not insisted, and the prosecution had not called Leonzal to testify at trial, it is not reasonably probable that defendant would have been acquitted of his crimes. Leonzal was just one witness amongst many who tied defendant to the methamphetamine and Tech-9 in his home. Engles, defendant's wife, and the individual who was with defendant when he was arrested all testified that the gun belonged to defendant. They also testified that defendant used and sold methamphetamine. Numerous police officials testified as to the drugs, Tech-9, and ammunition found at defendant's home and in his vehicle. Moreover, an officer who interviewed defendant after his arrest testified that defendant told him he possessed a gun at his home. Moreover, defendant gave this officer a key to the lockbox where police found methamphetamine. Given this combined testimony, it is not reasonably

probable that, but for Leonzal's testimony, the outcome of his trial would have been different. Accordingly, defendant has failed to establish that defense counsel was ineffective for "insisting" that Leonzal be made available for trial.

## B. Prosecution's choice to call Leonzal to testify

Defendant next argues, illogically, that defense counsel was ineffective for the prosecution's choice to call Leonzal as a witness. It is unclear how defense counsel can be said to have made an objectively unreasonable decision when the prosecution was actually responsible for the decision defendant takes issue with on appeal, calling Leonzal to testify. Indeed, choosing and deciding whether and which witnesses should be called, and presenting evidence to a jury that may augment a witness's or witnesses' testimony, is inherent in the role and function of a prosecutor. In defendant's criminal case, the prosecutor was tasked with proving defendant's alleged crimes beyond a reasonable doubt. A foundational aspect of Michigan's justice system is the idea that the prosecutor carries a unique responsibility to call witnesses and present facts and circumstances to convince a jury that a defendant must be convicted of the crime or crimes with which he is charged. See, e.g., *People v Couglin*, 65 Mich 704, 705; 32 NW 905 (1887). That defendant takes issue with the prosecution's decision to call a witness whose testimony substantiated charges against him does not mean that his counsel made an objectively unreasonable decision at trial. Moreover, defendant has not provided this Court with any legal authority that substantiates his contention that counsel can be ineffective for the prosecutor's decision to call a witness to testify at trial. It is not this Court's task to construct an argument for defendant or search for authority favorable to defendant's position. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 425; 576 NW2d 667 (1998).

Defendant's claim also fails because he has not provided this Court with a factual basis to link defense counsel's alleged insistence on having the prosecution call Leonzal to testify with the prosecution's actual decision to call Leonzal to testify at trial. He has pointed to no facts apparent from the record that could substantiate his claim that defense counsel's insistence was the reason the prosecutor decided to call Leonzal to the stand.

Defendant has also not substantiated the assertion that the prosecutor's choice to call Leonzal to testify was outcome determinative. It is not reasonably probable that defendant would have been acquitted had the prosecution not called Leonzal to testify at trial. As explained above, Leonzal was a single witness who provided similar testimony as other witnesses who also tied defendant to the methamphetamine and the Tech-9 pistol inside his home. Although she saw defendant with the Tech-9, defendant had admitted to an officer that he possessed a gun, and although she linked him to the drugs, defendant provided the key to the lockbox where the drugs were found. Therefore, it is not reasonably probable that, but for Leonzal's testimony, the outcome would have been different.

## C. Failure to object to or move to suppress Leonzal's testimony

Defendant finally argues that defense counsel was ineffective for not moving to exclude Leonzal's testimony, which he avers was irrelevant and unduly prejudicial. We disagree.

Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401. Under this definition, evidence is admissible if it is helpful in shedding light on any material point at trial. *People v Murphy* (*On Remand*), 282 Mich App 571, 580; 766 NW2d 303 (2009). The relationship of the elements of the charge, the theories of admissibility, and the defenses asserted govern what is relevant and material. *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008).

Leonzal's testimony was relevant because it made it more probable that defendant possessed and controlled the Tech-9 pistol. It also gave context to defendant's drug scheme. Leonzal testified that she smoked methamphetamine with Engles and defendant before she was arrested. She recounted that defendant possessed and held the Tech-9 for a period of time in his home in a threatening manner. She stated that she witnessed defendant give Engles methamphetamine, and that after, defendant still possessed a considerable amount of methamphetamine.

Moreover, Leonzal's testimony was relevant to her credibility and that of Engles. The credibility of witnesses is always a material issue, and evidence that shows bias or prejudice of a witness or enhances or impinges credibility is almost always relevant. See, e.g., *In re Dearmon*, 303 Mich App 684, 696-697; 847 NW2d 514 (2014); *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012); *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005). Leonzal testified that she initially lied to police when she claimed that she heard about a gun and methamphetamine in defendant's house, rather than stating that she knew that defendant had a gun and drugs in his home, because she was afraid she would be hurt for truthfully speaking with police officials. Leonzal's testimony inherently calls her credibility as a witness into question. A reasonable juror could have had trouble believing Leonzal's testimony at trial because she had already once lied to police about her knowledge of defendant's nefarious activities. Leonzal also stated that Engles was a thief, a moniker that inherently involves deceit or dishonesty, and that he was a drug abuser, which could affect his ability to accurately remember events that took place a considerable time before trial. Leonzal's testimony was not only relevant to making gun and methamphetamine allegations more probable, but also because she commented on her own credibility and the credibility of Engles. Because it was relevant, a motion to exclude it on this basis would have been futile. Defense counsel cannot be said to be unreasonable for choosing not to make meritless objections or motions. *People v Heft*, 299 Mich App 69, 81; 829 NW2d 266 (2012).

Defendant argues implicitly that even if Leonzal's testimony was relevant, defense counsel should have moved for exclusion due to unfair prejudice. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403. Defendant argues that Leonzal's testimony about being held against her will in defendant's home had no bearing on the charges that he possessed or delivered methamphetamine or possessed a firearm and constituted unfairly prejudicial "other acts" evidence prohibited by MRE 404(b)(1). However, Leonzal's testimony was not unfairly prejudicial pursuant to MRE 403. It cannot be said that Leonzal's testimony about being held against her will by a man wielding a Tech-9 after smoking methamphetamine is not relevant to the charges defendant faced at trial. Leonzal's testimony assisted the prosecution

in establishing that defendant possessed the gun in question, used it to threaten her, and was either still under the influence of methamphetamine, which she testified they had smoked together before she was held against her will, or possessed a considerable amount of methamphetamine during this period and after. Indeed, Leonzal further testified that defendant possessed methamphetamine and transferred some to Engles before Engles left his home. Although this information may have been damaging to defendant, it does not mean that the information was "unfairly prejudicial" under MRE 403.

Moreover, defendant has merely stated that Leonzal's testimony constituted evidence prohibited by MRE 404(b)(1). He does not illuminate why her testimony is foreclosed by the rules of evidence and why defense counsel's choice to abstain from objecting to its admission at trial was objectively unreasonable. It is not this Court's job to construct an argument for defendant. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 425.

Finally, defendant has not articulated why defense counsel's objecting to the admission of Leonzal's testimony or moving to suppress the evidence would have made a difference in the outcome of his trial. Defendant has not articulated this facet of his claim beyond simply making an assertion. Moreover, it is not at all clear that a motion or objection made by defense counsel would have been granted by the trial court. Also, as articulated above, even if the court had excluded Leonzal's testimony, defendant admitted to an officer that he possessed a gun and provided the key to the lockbox where the drugs were found. Given this and the other testimony, it is not reasonably probable that, but for Leonzal's testimony, the outcome would have been different.

Affirmed.


/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola