*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

MELODY ANN DOMINOWSKI, also known as
MELODY ANN MILLER,

          Defendant-Appellant.

UNPUBLISHED
March 21, 2019

No. 340280
Bay Circuit Court
LC No. 16-010415-FH

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her conviction, following a jury trial, of embezzlement by an agent or employee of $1,000 or more, but less than $20,000, from a nonprofit organization, MCL 750.174(4)(a); MCL 750.174(5)(c). The trial court sentenced defendant to 93 days[1] in jail and placed her on probation for a term of two years. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was employed by the Knights of Columbus Council 414 (the Knights), a nonprofit organization, and sold tickets at its charity gambling events from September 2012 to January 2015. Defendant was suspected of embezzling from the Knights after the Michigan Bureau of State Lottery (MBSL) conducted an audit of the Knights' gambling activities and found financial irregularities indicating that the organization had not received or reported sufficient earnings from its sale of charity lottery tickets and "pull-tabs." Teresa Deroche, an auditing specialist for the MBSL's Charitable Gaming Division, testified that in her expert opinion, based on the audit she conducted of the questioned period, the person who was selling tickets and pull-tabs was the person who stole the Knights' money. Of the records created during the time period the MBSL audited, defendant sold tickets and her name was often signed

---

[1] The trial court also imposed an additional jail term of 272 days, which was "deferred until further order of the Court."

as having completed the Knights' charity ticket accountability sheets. On many occasions included in the MBSL audit's review, the prize payout percentage suggested that someone was inflating the prizes and stealing money. Jacqueline Delorge, who worked at the Knights' gambling events, testified that she observed defendant become increasingly frustrated as time passed because she could not balance the books recording sales and prize payouts. Another Knights worker, Brandi French, testified that defendant spent a considerable amount of time in the back room, where the money was kept, relative to the time she spent "on the floor" selling tickets.

Defense counsel argued that this case involved "poor record keeping" and that defendant had not taken the missing funds. The jury convicted defendant as described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence presented at trial to convict her of embezzlement from a nonprofit organization.

"The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Oros*, 320 Mich App 146, 152; 904 NW2d 209 (2017). In reviewing whether a conviction is supported by sufficient evidence, this Court examines the available evidence in the light most favorable to the prosecution to determine whether a jury could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). This Court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A defendant's intent to deceive may be inferred from the evidence, and minimal circumstantial evidence is sufficient to prove a defendant's intent. *People v Dewald*, 267 Mich App 365, 372; 705 NW2d 167 (2005), overruled in part on other grounds by *People v Melton*, 271 Mich App 590, 595-596; 722 NW2d 698 (2006).

Embezzlement by an agent or employee is prohibited under MCL 750.174(1), which provides:

> (1) A person who as the agent, servant, or employee of another person, governmental entity within this state, or other legal entity or who as the trustee, bailee, or custodian of the property of another person, governmental entity within this state, or other legal entity fraudulently disposes of or converts to his or her own use, or takes or secretes with the intent to convert to his or her own use without the consent of his or her principal, any money or other personal property of his or her principal that has come to that person's possession or that is under his or her charge or control by virtue of his or her being an agent, servant, employee, trustee, bailee, or custodian, is guilty of embezzlement.

This Court has explained that proof of embezzlement under MCL 750.174 requires proof of the following elements:

"(1) the money in question must belong to the principal, (2) the defendant must have a relationship of trust with the principal as an agent or employee, (3) the money must come into the defendant's possession because of the relationship of trust, (4) the defendant dishonestly disposed of or converted the money to his own use or secreted the money, (5) the act must be without the consent of the principal, and (6) at the time of the conversion, the defendant intended to defraud or cheat the principal." [*People v Schrauben*, 314 Mich App 181, 198; 886 NW2d 173 (2016), quoting *People v Lueth*, 253 Mich App 670, 683; 660 NW2d 322 (2002).]

Defendant was convicted of embezzlement by an agent or employee of money or property having a value of $1,000 or more but less than $20,000, MCL 750.174(4)(a), where the victim is a nonprofit or charitable organization, MCL 750.174(5)(c). The parties do not dispute that the Knights is a nonprofit organization.

Defendant argues that insufficient evidence was presented to establish either that she converted the Knights' property to her own use (for example, by depositing or spending the money) or that she intended to defraud or cheat the Knights of property or money. We disagree.

Regarding the element of conversion, defendant argues that no witness observed her take money and there was no evidence that she transferred or deposited the money or otherwise used it for personal use. Defendant further argues that the "case is about poor record-keeping . . . [and] poor organizational oversight" rather than embezzlement. However, the prosecution is not required to "negate every reasonable theory of innocence, but must only prove its own theory beyond a reasonable doubt in the face of whatever contradictory evidence is presented." *People v Fetterley*, 229 Mich App 511, 517; 583 NW2d 199 (1998).

In light of the testimony of Deroche, Delorge, and French, and viewing the evidence in a light most favorable to the prosecution, the jury could reasonably find that defendant took or secreted the money. *Schrauben*, 314 Mich App at 198.

The prosecution also presented sufficient evidence to show that defendant intended to defraud or cheat the Knights. Defendant contends that her intent could not be inferred from Deroche's testimony about how charity bingo events work and her opinion that the person who was selling tickets and pull-tabs was the person who had stolen the money. However, as stated, evidence was also presented concerning defendant's frustration at not being able to balance the books and her frequent need to correct her own forms. Additionally, evidence was presented concerning the nature of payout percentages (i.e., that the Knights "should've consistently been at 75 percent"), and that the inflation of the payouts occurred when defendant worked and sold tickets. Additionally, Deroche testified that in her opinion the problem did not merely result from administrative and paperwork errors. From this evidence, a reasonable factfinder could conclude that defendant had the requisite intent to defraud or cheat the Knights. *Dewald*, 267 Mich App at 372. Consequently, sufficient evidence was presented to establish that defendant used her position of trust as a recordkeeping employee to inflate stated bingo payouts, that she harbored the intent to pocket the difference and thereby defraud a nonprofit organization, and that "defendant dishonestly disposed of or converted the money to [her] own use or secreted the money[.]" *Schrauben*, 314 Mich App at 198 (quotation marks and citation omitted).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that her counsel was ineffective for failing to request two model jury instructions, M Crim JI 6.4 and 6.5. We disagree.

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing Const 1963, art 1, § 20; US Const, Am VI. This means that the defendant is entitled to effective assistance. *People v Stratton*, 148 Mich App 70, 78; 384 NW2d 83 (1985). Effective assistance of counsel is presumed and the defendant bears a heavy burden of proving otherwise. *Premo v Moore*, 562 US 115, 121; 131 S Ct 733; 178 L Ed 2d 649 (2011); see also *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 691-692; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *Trakhtenberg*, 493 Mich at 51. Trial counsel's performance must be measured against an objective standard of reasonableness and without the benefit of hindsight. *Strickland*, 466 US at 688-689. " 'Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses,' " and " '[f]ailing to request a particular jury instruction can be a matter of trial strategy.' " *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017) (citations omitted).

A trial court must instruct the jury regarding the applicable law, and must fully and fairly present the case to the jury in an understandable manner. *People v Moore*, 189 Mich App 315, 319; 472 NW2d 1 (1991). The instructions must include all of the elements of the crime charged and any material issues, defenses, and theories for which there is evidence in support. *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). But a trial court is not required to instruct the jury on a theory of defense unless the instruction is supported by the evidence. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). Further, there is no error from the omission of an instruction if the instructions as a whole cover the substance of the omitted instruction. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

Here, trial counsel's failure to request M Crim JI 6.4 or 6.5 was not ineffective assistance, because the instructions as a whole presented the case to the jury in an understandable manner that protected defendant's rights. *Moore*, 189 Mich App at 319.

M Crim JI 6.4, "Property Crimes: Mistake and Intent," states:

When you decide whether the defendant intended to _____, you must consider whether [he /she] acted as [he / she] did because of a mistake. If the defendant did not _____ [*e.g., pay (his / her) employer all the money (he / she) is required to account for*] because of an honest mistake, a bookkeeping error, or a misunderstanding about what [he / she] was supposed to do, then [he / she] did not take the [money / property] intentionally and is not guilty of the crime of _____. [Bracketed content in original.]

The "mistake of fact" defense generally involves proof of "an honest and reasonable belief in the existence of circumstances, which, if true, would make the act with which the person is charged an innocent act." See Am Jur 2d, § 14; see also *People v Quinn*, 440 Mich 178, 203; 487 NW2d 194 (1992). In other words, the defense of mistake of fact may defeat the specific-intent requirement of a crime, such as the intent to defraud. See *People v* Cole, 349 Mich 175, 184; 84 NW2d 711 (1957).

At trial, defendant's theory of the case was that she did not take the money, and that it was the collective bookkeeping, paperwork, and accounting errors of the Knights that caused financial discrepancies between actual prize payouts and what the MBSL calculated the payouts should be. Defendant thus did not argue that she took, disposed of, or secreted the missing money out of an honest mistake regarding her duties. Defendant's theory of the case renders the application of M Crim JI 6.4 dubious, at best.

And even if we were to find that M Crim JI 6.4 applied to defendant's theory of the case that "poor bookkeeping" (and we note that defendant did not specifically argue that it was *her* poor bookkeeping that caused the appearance of missing funds, but merely argued that someone in the organization may have made mistakes in the paperwork or accounting), defendant was permitted to argue that she lacked the specific *mens rea* required for conviction of the offense, and the jury was instructed that it was required to find the specific intent to defraud or cheat the Knights. The instructions as a whole therefore fairly covered the substance of the omitted instruction. *Kurr*, 253 Mich App at 327. Defendant cannot demonstrate prejudice from her counsel's failure to request this instruction, even if there is some support for the argument that the trial court should have given it if requested. *Trakhtenberg*, 493 Mich at 51.

M Crim JI 6.5 provides:

When I say someone must "act with the intent to injure or defraud," I mean act to cheat or deceive, usually to get money, property, or something else valuable, or to make someone else suffer such a loss. [M Crim JI 6.5.]

In this case, the jury was instructed that the prosecutor was required to prove "that the defendant took or hid the money or property . . . with the intent to convert it to her own use without the consent of Knights of Columbus," and that "at the time the defendant did this, she *intended to defraud or cheat Knights of Columbus of some property*." Accordingly, the jury was, in fact, instructed in accordance with the substance of M Crim JI 6.5, which simply conveys that intent to "defraud" generally means cheating or deceiving someone in order to receive money or property. The instructions as a whole fairly covered the substance of the instruction. *Kurr*, 253 Mich App at 327. Further, defendant cannot demonstrate prejudice from her counsel's failure to request this instruction, in light of the trial court's use of very similar instructional language. *Trakhtenberg*, 493 Mich at 51.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra